**ALLIANCE TRUST CO., LTD., OF DUNDEE, SCOTLAND, v. CHOATE et al.**

(Two cases.)

No. 9210 Consolidated. Opinion Filed Oct. 14, 1919.

Rehearing Denied Nov. 18, 1919.

(Syllabus by the Court.)

**1. Guardian and Ward—Sale—Fraud.**

Where a guardian sells the lands of his ward upon a secret understanding that the purchaser shall not pay for the same and the sale is confirmed by the court and deed executed and delivered to the purchaser, such facts constitute a fraud upon the estate of the ward, and the sale may be set aside in an action by the ward against such purchaser, or any other person who acquires rights in said lands with notice of such secret fraud.

**2. Same—Estoppel.**

Under the facts of this case, as stated in the body of this opinion, plaintiffs are not estopped to cancel defendant's mortgage because of the prior institution by them of an action against the sureties of their former guardian for the amounts found due them

and their brother and sister by the county court on said guardian's final account.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Phelix N. Choate, a minor, by R. M. Love, his next friend and legal guardian, against E. N. Nesbitt, F. O. Ringer, and the Alliance Trust Company, Limited, of Dundee, Scotland, consolidated with action by Leslie R. Choate, a minor, by his next friend and guardian, etc., against the Alliance Trust Company. Judgment for plaintiffs, and defendant Alliance Trust Company appeals, making its codefendants, Nesbitt and Ringer, defendants in error. Affirmed.

Thompson, Patterson & Farmer, for plaintiff in error.

Wayne H. Lasater, for defendants in error Phelix N. Choate and Leslie R. Choate, minors.

RAINEY, J. Phelix N. Choate, a minor, by R. M. Love, his next friend and legal guardian, instituted an action in the district court of Garvin county, against E. N. Nesbitt, R. O. Ringer and the Alliance Trust Company, Limited, of Dundee, Scotland, a corporation, for the purpose of canceling as clouds on the title to plaintiff's allotment of land a certain deed executed by one A. M. Davis to defendants, Nesbitt and Ringer, and a mortgage executed by the same party to the Alliance Trust Company. About the same time Leslie R. Choate, a minor brother of Phelix N. Choate, also instituted an action against the Alliance Trust Company to cancel the same mortgage that covered the allotment of land of the said Leslie R. Choate. These actions involved practically the same issues and were consolidated before the trial, which resulted in a judgment for the plaintiffs.

Most of the material facts are incorporated in the trial court's findings of fact, which are as follows:

"1. That the plaintiffs, Phelix N. Choate and Leslie R. Choate, are members of the Choctaw Tribe of Indians by blood, and as such were allotted the lands described in their petition; that said lands were duly patented to them, and that said plaintiffs are minors.

"2. That J. H. Choate, the father of said plaintiffs, was their legal guardian at the time the mortgage was executed to the Alliance Trust Company, Limited, and when the deed was made to E. N. Nesbitt and F. O. Ringer, and was such guardian until July 11, 1913; that on the 1st day of March, 1910, said J. H. Choate, as guardian of said plaintiffs, filed his petition in the county court of Garvin county, Oklahoma, for authority to sell the lands of said minors, and on July 21, 1910, said J. H. Choate procured from said county court an order to sell said lands, and that on October 3, 1910, said J. H. Choate procured from said county court an order confirming said sale, and on October 12, 1910, said J. H. Choate, as guardian, executed a deed to said land to one A. M. Davis.

"3. That on November 1, 1910, said A. M. Davis and his wife, Lorena Davis, executed a mortgage on said lands to the defendant, the Alliance Trust Company, Limited, to secure the payment of a note in the sum of $1,600.00; that on July 20, 1911, said A. M. Davis and his wife, Lorena Davis, executed a deed on said lands to defendants E. N. Nesbitt and F. O. Ringer.

"4. That on the 9th day of April, 1914, said plaintiffs commenced an action in this court entitled, Corneal Choate and others, minors, by R. M. Love, guardian, v. the Southern Surety Company and others, to recover the amount found by said county court to be due by said J. H. Choate to said minors.

"5. That the mortgage executed on said lands by said A. M. Davis and his wife, Lorena Davis, was procured for the defendant, the Alliance Trust Company, Limited, through their agents, Holmes & Hibbard of Muskogee, Oklahoma; that G. A. Ramsey, agent for Holmes & Hibbard, procured from said A. M. Davis an application for a mortgage on said land; that at said time said A. M. Davis did not live on said land and exercised no control over same, but lived at a distance of about thirteen miles from said land; that at the time said application was procured no one lived on said land, but the same was cultivated by one Dillingham as a tenant of plaintiffs; that said A. M. Davis was never in possession of said land and never exercised any control over same; that A. F. Pyeatt and Lon L. Moore were agents of said Holmes & Hibbard and of defendant, the Alliance Trust Company, Limited, and corresponded with said Holmes & Hibbard concerning the draft in payment of said loan, and in making an abstract of title on said lands; that said J. H. Choate at the instance of the said A. F. Pyeatt procured power of attorney from said A. M. Davis to endorse said draft; that said A. M. Davis received no deed to said land and never talked with said A. F. Pyeatt concerning said loan and mortgage and said A. M. Davis did not receive said loan nor any part thereof; that said A. M. Davis executed said mortgage and notes at the instance and request of said J. H. Choate; that said A. M. Davis did not at any time pay any interest or commission on said loan; that said A. F. Pyeatt was personally acquainted with said A. M. Davis at said time; that said A. M. Davis is a brother-in-law to said J. H. Choate; that said A. M. Davis was not present at the guardian's sale of said lands, and did not make any bid on same, and did not pay anything nor agree to pay anything for said lands.

"6. That said A. M. Davis and J. H. Choate, as guardian of said plaintiffs, fraudulently colluded together for the purpose of obtaining an order from said county court to sell said land for the purpose of obtaining money for the use of said J. H. Choate; that the draft for said loan was sent to said A. F. Pyeatt by Holmes & Hibbard, and said A. F. Pyeatt paid $550.00 of same to said J. H. Choate, $500.00 to Lon L. Moore and the balance paid on other accounts of J. H. Choate; that said A. F. Pyeatt and Lon L. Moore, at the time said loan was negotiated and during the negotiations for said loan, were partners in the farm loan business; that the abstract of title to said lands was sent by Holmes & Hibbard to Cook & Gossert, attorneys of Kansas City, Missouri, for examination; that said Cook & Gossert were also title examiners for defendant, the Alliance Trust Company, Limited; that the county court proceedings concerning the guardian's sale of said land, contained in said abstract of title, showed the consideration for said deed to be $1,500.00 and the application for said loan was $1,600.00, which fact was known to said Cooke & Gossert when they examined said abstract.

"7. That said A. M. Davis and his wife, Lorena Davis, deeded said land to said E. N. Nesbitt and F. O. Ringer, partners, in consideration of $400.00, which amount was paid to said J. H. Choate; that said Nesbitt & Ringer did not at any time pay or agree to pay said A. M. Davis or Lorena Davis anything for said deed; that at the time said deed was executed said Nesbitt & Ringer knew that they were acquiring no title to said lands, and knew that plaintiffs were in possession of said lands and owners thereof and had never parted with the title to said lands; that said Nesbitt & Ringer at the time said deed was executed knew that said deed from A. M. Davis and Lorena Davis conveyed no title to said lands and knew that said guardian's pretended sale was fictitious.

"8. That said A. F. Pyeatt during the negotiations for said loan from defendant, the Alliance Trust Company, Limited, talked to said J. H. Choate concerning said loan and mortgage.

"9. That Wayne H. Lasater, attorney for plaintiffs, was empowered and authorized by Hon. W. R. Wallace, judge of the county court of Garvin county, Oklahoma, to file and prosecute this action and also to prosecute the action in No. 1851; that it is for the best interests of the minor plaintiffs in this case to try this cause before cause No. 1851.

"10. That Edward E. Holmes was agent of defendant, the Alliance Trust Company, Limited, and was a brother of L. H. Holmes of the firm of Holmes & Hibbard of Muskogee, Oklahoma; that said L. H. Holmes and said Edward E. Holmes of Kansas City, Missouri, corresponded and communicated regarding said loan made by said Alliance Trust Company, Limited, to said A. M. Davis; that said Southern Surety Company and Southwestern Surety Company, defendants in cause No. 1851, were assisting in the prosecution of this action."

The defendant Alliance Trust Company has appealed from the judgment of the district court and has made its co-defendants, E. N. Nesbitt and F. O. Ringer, defendants in error in this court, said parties not having joined in the appeal.

As grounds for reversal four assignments of error are presented by counsel for the Alliance Trust Company in their brief. These assignments are substantially as follows:

First. That the plaintiffs, Phelix N. Choate and Leslie R. Choate, prior to the institution of the action, ratified and confirmed the company's mortgage and elected to proceed against their former guardian, J. H. Choate, and his bondsmen for the proceeds derived from the mortgage company, and that the present suit is not being prosecuted with the consent of the plaintiffs, or R. M. Love, their legal guardian, but on the contrary is being prosecuted in their names by J. H. Choate and his bondsmen.

Second. That the judgment in favor of the plaintiffs is not sustained by sufficient evidence and is contrary to law, for the reason that the plaintiffs had received the proceeds of the loan evidenced by the defendant's mortgage, and that the county court, on the final accounting of their former guardian, J. H. Choate, in said court, had adjudicated the said guardian and his bondsmen liable for said proceeds.

Third. That the plaintiffs had failed and refused to return to the defendant the proceeds of said loan, or to assign to the defendant their claim against the guardian and his sureties, or to prosecute this suit against their former guardian and his sureties in the district court of Garvin county, for the use and benefit of this defendant, and otherwise failed to subrogate said defendant to their rights, claims, and equities against said guardian and his sureties.

Fourth. That the judgment is not sustained by sufficient evidence, for the reason that the evidence does not show that the guardianship proceedings are fictitious and that the deed from J. H. Choate, as guardian of said plaintiffs, to A. M. Davis was without consideration, was fraudulent or void.

Directing our attention first to the fourth assignment of error, we will say that we have

examined the evidence and that the same shows, as found by the trial court, that there was no bona fide sale of the plaintiffs' land to the said A. M. Davis; that said proceedings were conducted solely for the purpose of procuring a loan on said lands for the personal benefit of J. H. Choate, and that the sale was altogether fictitious. We find further that the defendant Alliance Trust Company, through its agents, had knowledge of, or at least was chargeable with notice, of the fraud practiced upon the court and upon the minors. Under these circumstances the plaintiffs were entitled to set aside the sale as against A. M. Davis' grantees and the defendant mortgage company. Allison v. Crummey, 64 Oklahoma, 166 Pac. 691; Berry v. Tolleson, 68 Oklahoma, 172 Pac. 630; Bridges v. Rea et al., 64 Oklahoma, 166 Pac. 416; Pyeatt v. Estus, 72 Oklahoma, 179 Pac. 42.

The propositions of law raised by the other assignments of error are practically the same, and will be considered together. The gist of the argument supporting these assignments is that since the plaintiffs' former guardian was charged on his final account with the $1,600.00 received from the mortgage company, and since the new guardian, R. M. Love, had instituted suit in the district court against said guardian and the sureties on his bonds for the amounts found due by the county court, such actions, in law, constituted a recognition of the validity of defendant's mortgage and amounted to a ratification of the same; that the law gave the plaintiffs the choice of two means of redress or kinds of relief, to wit: an action against the guardian and his sureties, or an action to recover the land and cancel the mortgage; that these means of redress were predicated on conflicting theories; and that the election of one of them operated as a bar to subsequently proceeding on the other. A number of authorities are cited in support of the proposition that where a party has two remedies inconsistent with each other, the institution and prosecution of a suit on one theory with knowledge of the facts and his rights constitutes an election of such remedy. But we do not believe that the facts of this case bring it within the rule which counsel for defendant contend is applicable, for the reason that the two proceedings are not inconsistent with each other. It is true, as pointed out by counsel, that the county court did find the sale of the ward's land was fictitious, and charged the guardian with the amount of money which he procured on the mortgage executed to the trust company by Davis,

the pretended purchaser of the land, but the mortgage company was not a party to the accounting in the county court and said court did not have jurisdiction to determine, and did not determine, whether the mortgage company was a bona fide incumbrancer for value. Moreover, an examination of the decree of the county court on the accounting, which was introduced in evidence in this case, discloses that a number of transactions entered into the accounting, and that the guardian was held to account for funds other than those received from the defendant company. According to the judgment of the county court the total amount due by the guardian of Phelix N. Choate was $2,859.53, and to J. H. Choate, Jr., $1,826.70. The action instituted in the district court against the former guardian, J. H. Choate, and his bondsmen, was for and on behalf of these two plaintiffs and their brother and sister, Corneal Choate and Leslie R. Choate. The Southern Surety Company was surety on the general guardian's bond for all of said minors, and it and the Southwestern Surety Company were sureties on additional sale bonds for the four minors. From this it appears that the remedies were not inconsistent, for if the instant action had been instituted first and plaintiffs had prevailed it would not have completely adjudicated their claims and the claims of their brother and sister against the sureties of their former guardian. We deem it unnecessary to discuss the facts of the various cases involving the doctrine of election, or to allude to what circumstances the rule has been applied. An examination of the authorities, however, convinces us that the rule is never applicable unless the party against whom it is asserted has a choice of remedies and there are two causes of action which are inconsistent. The doctrine of election has been generally regarded as being an application of the law of estoppel upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions. (9 Ruling Case Law, 957.) The surety companies have not admitted their liability, but, on the contrary, are contesting the action filed against them. The plaintiffs may or may not prevail in that action. If we should hold that they are estopped to recover in the present action and they should then lose their action against the surety companies, they would be deprived of the proceeds of the mortgage, but their lands made subject to the payment thereof. It clearly appears that the defendant trust company has not suffered any detriment and that, as yet, the plaintiffs have not received

any benefit under their action against the sureties on the former guardian's bonds

There is no merit in the contention that this action was not authorized. These minors could not elect and did not attempt to do so. The county court directed the bringing of both actions, and the district court found that it was for the best interest of the plaintiffs for this action to be tried first, and while the present guardian did not direct the bringing of this action, it appears from the evidence in the record that Mr. Lasater was employed by him to look after the interest of his wards and said guardian has made no objection to the prosecution of the case.

Finding no reversible error in the record, the judgment is affirmed.

All the Justices concur, except HARRISON, J., absent.