**CUSHING, Executrix, v. CHOATE et al.**

(Three Cases).

No. 8781.—Opinion Filed Dec. 9, 1919.

Rehearing Denied Jan. 13, 1920.

(Syllabus by the Court.)

**Mortgages—Validity—Election of Remedies—Guardian and Ward.**

Record examined and held: 1. That plaintiffs were not estopped from prosecuting this action by commencing proceedings against the Southern Surety Co. 2. That the judgment rendered by the trial court is not against the clear weight of the evidence.

Error from District Court, Garvin County; F. B. Swank, Judge.

Consolidated actions by R. M. Love, as guardian of James R. Choate and others, minors, against Ada T. Cushing, executrix of the estate of Francis J. Cushing, and others. Judgment for plaintiff and defendants bring error. Affirmed.

Tibbetts & Green, for plaintiff in error.

Wayne H. Lasater, for defendants in error.

KANE, J. The subject-matter of the various controversies involved in the above-entitled consolidated cases was the allotted lands of Jas. H. Choate, Felix N. Choate, and Leslie R. Choate, three Indian minors of one-half Choctaw blood. Originally three separate suits were instituted by R. M. Love, as guardian of these minors, for the purpose of cancelling a certain mortgage of $3,000.00 covering these lands which was alleged to be held by the plaintiff in error.

The events leading up to the execution of this mortgage may be briefly summarized as follows:

J. A. Choate, who is a full-blood Choctaw Indian and the father of the minor plaintiffs, was also their guardian for a number of years. While occupying the latter relation he made a fictitious guardianship sale of the lands of plaintiffs through apparently regular probate proceedings by which the lands were conveyed to Ray F. Davis, his brother-in-law, with whom he had an agreement to the effect that Davis would mortgage the lands, for which he paid no consideration whatever, and turn the proceeds thereof over to Choate, the guardian, and others. About this time the defendant E. M. Nesbitt and the guardian, Choate, also entered into an arrangement whereby Davis was to procure a loan on the lands thus acquired at guardian sale, and that out of the money procured Choate would pay Nesbitt a certain sum of money in payment of a debt which, it was admitted, Choate owed Nesbitt. In pursuance of this agreement Davis executed the mortgage involved herein; Nesbitt, who was a loan agent, procuring the loan from the mortgagee through one F. O. Ringer, who is conceded to be the duly credited agent of the mortgagee. In pursuance of this agreement the mortgage herein was executed, the draft made by the mortgagee finding its way into the hands of Nesbitt through the following circuitous route, as stated by counsel for defendant in error in his brief:

"During these transactions, Francis J. Cushing lived in Chicago, Illinois, and had one A. W. Bronson of Topeka, Kansas, as his loan agent; and Mr. Bronson, in turn, had as his sub-agent for the purpose of procuring applications for loans from Mr. Cushing one C. O. Fish of Guthrie, Oklahoma; and Mr. Fish, in turn, had among others as his sub-agents for that purpose Messrs. E. N. Nesbitt and F. O. Ringer, whose duty and custom it was to secure applications for loans for Cushing and others and to assist in the execution and delivery of the proper papers and to receive and distribute the money in connection with such loans; and this loan was secured, effected and closed in their usual course of business, Messrs. Nesbitt and Ringer receiving from Mr. Fish the proceeds of the mortgage which they had caused to be executed and forwarded to him, and distributing the money to those entitled to the same, after retaining their fees, expenses, charges and other indebtedness against the borrower."

When the money for this particular loan reached Mr. Nesbitt he retained $2,000 thereof, which he appropriated to his own use in payment of Choate's indebtedness to him and others, and delivered $3,000 thereof to J. H. Choate, the father and the guardian of the minors, who also retained it, for his own benefit, no part thereof ever coming into the hands of the minors or being used for their benefit.

In addition to filing the foregoing actions, these plaintiffs also commenced an action against A. M. Davis to cancel the deeds executed to him, and obtained a judgment as prayed for; and thereafter they also commenced an action against the Southern Surety Company, setting forth the facts substantially as above and praying judgment against the surety company for the amounts shown to be due to them from their guardian, Choate, which action is still pending, undisposed of, in the trial court. These are the various actions which now constitute this consolidated case.

Francis J. Cushing died subsequent to the execution of the mortgage, and his executrix, Ada T. Cushing, was made defendant in his place. She first filed a motion to dismiss the action against her, on the ground that the plaintiffs had made a definite and final election of remedies by proceeding against the Southern Surety Co., in the action hereinbefore mentioned. This motion was overruled by the court, and exceptions saved.

Upon trial to the court upon the merits, judgment was rendered in favor of the defendants in error, to reverse which this proceeding in error was commenced.

The principal grounds for reversal relied upon by counsel for the plaintiff in error are summarized in his brief as follows:

(1) The plaintiffs in these actions had made a definite and final election of remedies by bringing suit for the recovery of the money alleged to have been lost by them from the sureties on the bond of their guardian, and therefore they were not entitled to ask cancellation of the mortgage upon which the money was obtained.

(2) The mortgagee who loaned the money was a bona fide and innocent incumbrancer. The sale of the real estate subsequently mortgaged was regular upon its face and duly confirmed by the court, and therefore said mortgagee and his assignees are entitled to be protected in their investment as innocent purchasers.

(3) The court committed error in overruling the defendant's demurrer to the petition, and defendant's demurrer to the evidence, both of which were insufficient to warrant the relief granted by the court.

The first proposition was decided adversely to the contention of counsel in an opinion rendered in the consolidated cases of Alliance Trust Co., Limited, of Dundee Scotland, v. Felix N. Choate, a Minor by R. M. Love, His Next Friend and Legal Guardian, and E. N. Nesbitt and F. O. Ringer; and Alliance Trust Co., Limited, of Dundee Scotland, v. Leslie R. Choate, a Minor by R. M. Love, His Next Friend and Legal Guardian, and E. N. Nesbitt and F. O. Ringer, 76 Oklahoma. In that case which was very similar to the case at bar not only in its facts but also in the personnel of the principal actors, the court held that:

"Under the facts of this case, as stated in the body of this opinion, plaintiffs are not estopped to cancel defendant's mortgage because of the prior institution by them of an action against the sureties of their former guardian for the amounts due them and their brother and sister by the county court on said guardian's final account."

Counsel for the plaintiff in error concede that this is decisive of their first ground for reversal, if the court adheres to its former ruling, saying in a supplemental brief that:

"If the court should be disposed to adhere to the rule established in the decision of the Alliance Trust Company v. Choate et al., this feature of the case is resolved against the plaintiff in error."

At the time this supplemental brief was filed the Alliance Trust Co., case was still pending on a petition for rehearing, which has since been overruled, so this question must now be considered as settled.

In the same brief, speaking of the two remaining assignments of error, which raise but one question—the sufficiency of the evidence to sustain the judgment rendered—counsel for the plaintiff in error say:

"We do not want the court to get the impression from our insistence upon what we believe to be the proper application of the doctrine of election of remedies that we in any way concede that the facts in this case bring it within the decision in the case of Alliance Trust Co. v. Choate et al."

We have examined the very careful analysis of the evidence contained in this supplemental brief, and particularly noticed the criticism of that part of the evidence relied on by opposing counsel set out in his brief, but are unable to agree with counsel as to the sufficiency of the evidence to sustain the judgment of the trial court.

There is no dispute that the guardian's sale was flagrantly fraudulent, or that Choate, the guardian, and Davis, the purchaser, and Nesbitt, with whom the loan was negotiated, had full knowledge of the fraud. The only question of any serious difficulty is whether the evidence shows facts sufficient to put the mortgagee upon inquiry or to charge him or his agents with notice of the fraud. After a careful review of the evidence, we are constrained to hold that the findings of the trial court on these points are not against the clear weight of the evidence. In our judgment the case is not distinguishable from the Alliance Trust Co., case, supra, Allison v. Crummey, 64 Oklahoma, 166 Pac. 691; Pyeatt v. Estus, 72 Oklahoma, 179 Pac. 42, and the too numerous other cases of this class which have from time to time found their way into this court.

For the reasons stated, the judgment of the court below must be affirmed.

RAINEY, V. C. J., and JOHNSON, McNEILL, and PITCHFORD, JJ., concur.