**SOUTHWESTERN SURETY INS. CO. v. HOLT et al.**

No. 11623—Opinion Filed Feb. 13, 1923.

Rehearing Denied March 13, 1923.

(Syllabus.)

1. **Courts—Judgment — Vacation for Fraud —Equity Jurisdiction of District Court.**

The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud.

2. **Guardian and Ward—Unauthorized Acts of Guardian—Ratification by Ward—Acceptance of Benefits—Estoppel.**

The general rule is that a ward on arriving at full age ratifies his guardian's unauthorized acts by receiving and appropriating the proceeds and benefits thereof to his own use, but in order to create an estoppel by the acceptance of benefits, it is essential that the party against whom the estoppel is claimed should have acted with knowledge of his rights; also that the party claiming the estoppel was without knowledge of the facts on which he bases his claim of estoppel, that he was influenced by and relied on the conduct of the person sought to be estopped, and that he changed his position in reliance thereon to his injury.

3. **Same—Finding—Evidence.**

Record examined, and held, the finding of the trial court that plaintiff was not estopped is not clearly against the weight of the evidence.

Error from District Court, Mayes County; G. M. Barrett, Assigned Judge.

Action by Lillie P. Holt, nee King, against the Southwestern Surety Insurance Company and Jesse King on guardian's sale bond. Judgment for plaintiff, and the company brings error. Affirmed.

Kent V. Gay, for plaintiff in error.

Leahy & Brewster, for defendants in error.

McNEILL, J. This action was commenced in the district court of Mayes county by Lillie P. Holt, nee King, against Jesse King, her former guardian, and Southwestern Surety Insurance Company, a corporation, to recover on a sale bond executed by King with the company as surety. The substance of the petition alleged that Jesse King had been the duly appointed guardian of the plaintiff and while guardian sold her land for the sum of $2,000 and executed an additional sale bond with the Southwestern Surety Insurance Company as surety; that said guardian had expended $838.19 and there was a balance due said minor of $1,256.81. It was further alleged that Jesse King was the father of plaintiff, and prior to the time she became of age he by fraud and undue influence procured her to execute to him a release reciting that she had received the sum of $1,256.81 without paying her any part of the same, and procured an order of the county court releasing him and the surety company, and said order was obtained by false and fraudulent representations made to the court.

Plaintiff sought to set aside said order and recover judgment against Jesse King and the Southwestern Surety Insurance Company for $1,256.81, with interest. Jesse King made default, and the insurance company filed an answer denying that any fraud was ever practiced upon the ward or the county court, and further pleaded that after the sale of the land the guardian, Jesse King, purchased certain stock of the Choteau Telephone Company with the funds of said ward, and had the certificate of stock issued in the name of the ward's mother, Jennie King. That after the ward became of age, the stock was transferred to the plaintiff and she exercised control over the same and that she elected to take the stock in settlement of the money due her, and she is now estopped from denying or repudiating said final receipt.

The case was tried to the court without a jury, and the court found, in substance, that a sale of the ward's land had been made, and $2,000 paid to the guardian. That the guardian without authority of law purchased stock of the telephone company and caused the stock to be issued to his wife, Jennie King. The court further found that Jennie King also purchased in her own name stock in the sum of $500 and put all the stock up to a certain creditor as collateral security for her indebtedness. That the plaintiff, Lillie P. Holt, became of age on the 18th day of May, 1916, and that her father as guardian induced her to sign and execute a receipt in full for said $1,256.81 and file the same with the county court as his final report, which was approved and the court made an order discharging him as guardian and his bondsmen. The court further found that the plaintiff did not receive any money or thing of value for signing said receipt, but signed the same upon the request of her father, with whom she was then and there living. That after being discharged the said Jesse King and Jennie King separated, and that since said time the guardian has never exercised any control over the plaintiff. The

court further found that the plaintiff and her mother, Jennie King, recognized the respective rights of each other in the stock, and exercised joint control over all of the stock; that they executed joint notes in the sum of $250 and obligated said stock as collateral security for payment thereof; that the stock depreciated, and in March, 1918, the plaintiff and her mother sold the stock for $750, and after receiving the amount of indebtedness against the stock received the sum of $475, and that is all the plaintiff has received out of the $1,256.81 which her father invested in stock. That the said guardian was liable for the said $1,256.81 with six per cent. interest and was entitled to credit for the sum of $475, and there was still due the ward the sum of $1,217.72. The court further held that the guardian having invested the money in the stock without authority, he did so at his own peril and could not compel the plaintiff to accept said stock upon final settlement. That because the relationship of father and daughter existed between the guardian and ward, plaintiff was under the influence of her father and the receipt was obtained by fraud and her acts thereafter did not operate as an estoppel against her. The court rendered judgment in favor of plaintiff and against Jesse King and the surety company in the sum of $1,217.72.

To reverse this judgment the surety company has appealed, and assigns but two assignments of error, to wit:

First: That the district court of Mayes county, state of Oklahoma, did not have jurisdiction to hear and try this cause. We think there is no merit in this contention. This court in a long line of decisions has announced the following rule:

"The district courts of this state, in exercising their equitable jurisdiction, have power to vacate and annul orders or judgments of other courts in a proceeding brought for that purpose, for fraud in inducing or entering into such order or judgment, where such fraud is extraneous to the issues in the proceeding attacked, and especially where the court has been imposed upon by such fraud."

See McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739; Wray v. Howard, 79 Okla. 223, 192 Pac. 584; Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Balbridge v. Smith, 76 Okla. 36, 184 Pac. 153; and Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329.

The second assignment of error is stated as follows:

"That if said court had jurisdiction, that defendant in error, Lillie P. Holt, nee King, cannot be heard to complain, because she has ratified the acts of her said guardian, waived her right to complain of them and is estopped by her conduct from objecting to them."

Plaintiff in error does not question the finding of facts made by the court, but asserts, under the uncontroverted testimony of the witnesses, that plaintiff is estopped from making demand on Mr. King and his sureties for her money invested in stock, because she elected to take said stock in place of money, and has waived all right she may have had at the time of maintaining an action for payment of the money which was invested in the telephone company.

The question of whether plaintiff was estopped by her conduct from prosecuting the claim against her father and surety is a question of fact to be determined by the facts in the case. The trial court held the facts were not sufficient to support the plea of estoppel, and upon appeal to this court the question for consideration is whether that finding is clearly against the weight of the evidence. The evidence in the case is somewhat conflicting and not definite regarding the plaintiff's conduct, after she became of age, that would operate as an estoppel. The stock, prior to the time plaintiff became of age, was held by a third party as collateral security, together with certain stock owned by the mother, to secure certain indebtedness owing by the mother. It appears the note was renewed and the plaintiff and her mother executed this renewal note. The stock itself was never introduced in evidence, and while there is some evidence that the mother gave the stock to the plaintiff, it is clear the stock was always held as collateral security even up to the time of being sold. The facts relating to the estoppel are very indefinite and uncertain. The plaintiff did make a sale of the stock and paid off the indebtedness and received $475. There is no intimation that this was not the true value of the stock or that it was worth more money. The general rule is stated in 21 Cyc. 107, as follows:

"A ward, on arriving at full age, ratifies his guardian's unauthorized acts by receiving and appropriating the proceeds and benefits thereof, with full knowledge of the facts * * *"

—and in 21 Corpus Juris, 1207, as follows:

"In order to create an estoppel by the acceptance of benefits it is essential that the party against whom the estoppel is claimed should have acted with knowledge of his rights: also that the party claiming the es-

toppel was without knowledge of the facts on which he bases his claim of estoppel, that he was influenced by and relied on the conduct of the person sought to be estopped, and that he changed his position in reliance thereon to his injury."

When we apply this rule to the facts in the instant case, and the burden being on the company to prove facts to create an estoppel, and there is no evidence in the record that either King of the surety company was without knowledge of the facts upon which they based their claim of estoppel, or that they were influenced by or relied upon the conduct of the plaintiff, or that they have changed their position by reason thereof, it cannot be said the judgment is clearly against the weight of the evidence. This same principle is reflected by the opinions of this court in the following cases: Alliance Trust Co. v. Choate et al., 76 Okla. 269, 185 Pac. 113; Cushing v. Choate, 77 Okla. 90, 186 Pac. 481; Bridges v. Rea, 64 Okla. 115, 166 Pac. 416. Sec. also, Francis v. Sperry, 71 Oklahoma, 176, Pac. 732. We think the finding of the court that the plaintiff was not estopped is not clearly against the weight of the evidence.

For the reasons stated, the judgment is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.