# Register v. Carmichael.

*Assumpsit.*

(Decided Nov. 30, 1910.  53 South. 799.)

*Election of Remedies; Effect; Conclusiveness.*—An election of remedies to be conclusive must be efficacious to some extent at least, and the party against whom the estoppel is pleaded must have received some benefit under his election, and the mere bringing of the suit is not determinative of the right. Under this rule it is held that the pleas, attempting to set up an election and an estoppel thereunder, were defective and demurrer thereto properly sustained.

[Register v. Carmichael.]

Appeal from Houston Circuit Court.

Heard before Hon. H. A. Pearce.

Assumpsit by M. E. Carmichael against M. E. Register. From a judgment sustaining demurrers to defendant's special pleas, defendant appeals. Affirmed.

R. D. Crawford, and Espy & Farmer, for appellant. The court erred in sustaining demurrers to the plea. 1st, because the allegations of the pleas show that the suit is by one partner against another on partnership matters before settlement.—*Newton v. Pittman*, 98 Ala. 526; 4 Mayf. 411. Having filed her bill in chancery she is estopped to deny that the partnership existed.— *Caldwell v. Smith*, 77 Ala. 164. It is insisted that these pleas show an election, and having elected between two inconsistent remedies, the one is a bar to the other.— *Townes v. Alford*, 2 Ala. 376; *Murray v. Ezzell*, 2 Ala. 148; *Fuller v. Eames*, 108 Ala. 464; *Lehman-Durr & Co. v. VanWinkle & Co.*, 92 Ala.; *Hill v. Hucabee*, 70 Ala. 188.

B. F. Reid, and M. Sollie, for appellee. No brief came to the Reporter.

SAYRE. J.—Plaintiff (appellee) sued appellant, alleged to be doing business as the Register Company, for the sum due by account for goods, wares, and merchandise sold and delivered by plaintiff to defendant. An attachment writ in aid of the suit was levied upon a stock of goods in a storehouse occupied by the Register Company. Defendant pleaded specially in bar that before suit brought plaintiff had filed her bill in chancery, alleging that she and defendant were partners in the mercantile business, each owning an undivided half interest, and praying for a dissolution of the partnership and a settlement of its affairs; that plaintiff had pro-

cured the appointment of a receiver, but that the order appointing the receiver had been discharged; and that an appeal from that order was then pending in this court. It was further shown by the pleas that the suit in hand was brought to recover the purchase price of plaintiff's interest in the partnership property and effects, and that defendant was not otherwise indebted to plaintiff. The conclusion of the several pleas is that plaintiff ought not to be allowed to maintain her suit because of the pendency of the suit in chancery. The court below sustained demurrers to these special pleas, and the only question raised here relates to the correctness of that ruling.

The theory of the appellant is that plaintiff was estopped to sue on the cause of action alleged, because she had elected by her bill in chancery to assert an antagonistic right. But an election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election.—*Harrison v. Harrison,* 39 Ala. 489; *Hunnicutt v. Higginbottom,* 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45. In *Hill v. Huckabee,* 70 Ala. 183, Herman on Estoppel, § 165, is quoted with approval as follows: "A party who obtains or defeats a judgment, by pleading or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded upon the same subject-matter." And in the cases cited by appellant—unless *Lehman v. Van Winkle,* 92 Ala. 443, 8 South. 870, be an exception—the party estopped had taken benefit by his first position and brought himself within the reason of Herman's definition. Of *Lehman v. Van Winkle,* it is to be observed that the decision reached was that there was no estoppel.

[Gunter & Gunter v. Pollak.]

The ruling of the circuit court was in accord with the authorities, and, we think, with reason; and the judgment is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.