[No. 12864. Department One. August 20, 1915.]

AUGUST CARABIN, *Respondent*, v. A. J. WILHELM et al., *Appellants*.[1]

ELECTION OF REMEDIES—ACTS CONSTITUTING—COMPLAINT—CONDITIONAL SALES CONTRACT. Where a complaint on a conditional sales contract stated first a cause of action for recovery of the balance of the purchase price, and second a cause in replevin alleging a forfeiture of the contract, there was no election of remedies barring the action in replevin, where at the trial, when the question was first raised, plaintiff promptly elected to proceed in replevin and waived the first cause of action.

SALES. In such a case, the introduction in evidence of the unpaid notes given for the purchase price, would not constitute an election to recover the purchase price; as the notes were admissible on the claim of forfeiture.

SAME—CONDITIONAL SALES—FORFEITURE — DEMAND — REASONABLE TIME. Indulgence to the vendee in regard to installments due on a conditional sales contract of a team of horses does not prevent forfeiture of the contract for default, where the vendor first demanded

[1]Reported in 151 Pac. 87.

payment of the amount then due, and then demanded possession of the team, and waited three weeks before taking possession, during which time no payment or tender was made.

REPLEVIN—TITLE OF PLAINTIFF. The right of possession by the vendor after forfeiture of a conditional sales contract will support an action of replevin.

REPLEVIN—DEFENSES—TITLE. In replevin by the vendor in a conditional sales contract that was forfeited for defaults of the vendee, the defense of plaintiff's defective title is unavailable in the absence of any evidence in support of the allegation.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered June 29, 1914, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*W. B. Mitchell*, for appellants.

*W. C. Donovan*, for respondent.

PARKER, J.—The plaintiff seeks recovery of a team of horses which, by a conditional sale contract, he agreed to sell to the defendants, claiming that they have forfeited all rights under the contract by reason of their default in payment of the purchase price as agreed upon. Trial before the court without a jury resulted in findings and judgment in favor of the plaintiff, from which the defendants have appealed.

On February 18, 1913, respondent delivered to appellants a team of horses under a conditional sale contract, by which they were to pay him therefor $325. A cash payment of $25 was then made, and the balance was to be paid in twelve monthly installments of $25 each, which were further evidenced by promissory notes. The contract contained, among other conditions, the following:

"Said property is now and shall remain the absolute property of the vendor until after the full and complete payment of the purchase price thereof, . . .

"In case default shall be made in the payment of said promissory notes, or either of them, principal and interest, as and when the same shall become due and payable according

to their terms and conditions the vendor shall be empowered to take possession of said personal property, with or without process of law, as the vendor may elect, and without notice of said election and this contract shall be forfeited and determined at the election of the vendor and all sums theretofore paid by the vendee, shall be retained by the vendor, as rent for the use of said personal property."

None of the notes were ever transferred by respondent. On October 16, 1913, respondent commenced this action in the superior court to recover possession of the team, claiming title and right of possession to the team because of appellants' default in payment upon the purchase price thereof according to the terms of the conditional sale contract. On the same day respondent acquired possession of the team by replevin proceeding had in this action.

It is contended by counsel for appellants that respondent should not be allowed to recover the team because, as it is insisted, he has elected to recover judgment for the balance due upon the purchase price. This contention is rested upon the allegations and prayer of respondent's complaint. Respondent sets up in his complaint two causes of action. In the first he pleads facts showing the balance due upon the purchase price, while in the second he pleads facts showing that appellants have forfeited the right to the team because of their default in payments upon the purchase price. His complaint concluded with prayer for judgment; first, for the claimed balance due upon the purchase price; second, for recovery of the team. So far as shown by the record before us, this complaint was not challenged as to its sufficiency, but was answered upon the merits. Not until the beginning of the trial was the question of election raised by counsel for appellants, when counsel for respondent promptly announced his election to proceed on the replevin cause of action and waive the other.

The argument seems to be that the election was made by respondent to sue for the balance due by setting up that as

his first cause of action. We think, however, that since in the same complaint he set up his replevin cause of action, his complaint did not evidence an intention to then make an election. Indeed, respondent's causing the seizure of the team at the same time, might be regarded as some evidence of an election to proceed upon the second cause of action. However, we think the record before us contains no conclusive evidence of an election of remedies until made by respondent at the beginning of the trial. In view of the complaint being unchallenged, except by answer upon the merits, until that time, we think the election then made by respondent was timely and without prejudice to the rights of appellants. Counsel for appellants call our attention to the following of our decisions touching the question of election: *Ramey v. Smith*, 56 Wash. 604, 106 Pac. 160; *Winton Motor Carriage Co. v. Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 133 Pac. 577; *Thompson Co. v. Murphine*, 79 Wash. 672, 140 Pac. 1073. While these cases are of interest in this connection, they all deal with facts constituting an election before commencing any action upon the conditional sale contracts involved. We think they are not inconsistent with our present conclusions.

Some contention is made rested upon the fact that, at the beginning of the trial, the notes were introduced in evidence to show the amount unpaid on the purchase price. The argument seems to be that this was an election to recover the purchase price. We think not. That evidence is not inconsistent with a claim of forfeiture of the team. It was necessary for respondent to show that the purchase price had not been paid as agreed upon, before he could recover the team upon the ground of forfeiture. Clearly that did not constitute an election.

Contention is made in appellants' behalf that they were not in default at the time of the commencement of this ac-

tion, because of extensions of time of payment by respondent constituting a waiver of right of forfeiture on his part at that time. It is true, we may assume, that respondent had been indulgent with appellants as to several of the payments made after falling due, prior to the commencement of this action. This indulgence, they insist, precluded respondent from asserting his right of forfeiture, citing *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096, where it was held that, following a long continued course of indulgence touching installment payments, the vendor could not claim forfeiture until demand for payment and the lapse of a reasonable time. The evidence, however, warrants the conclusion, as evidently reached by the trial court, that in the latter part of September, 1913, respondent demanded of appellants payment of the balance then due upon the purchase price; that no payment was then made; and that thereupon respondent demanded possession of the team. This action, however, was not commenced, nor was the team taken from appellants until October 16, 1913, some three weeks after these demands, during which period no payment was made or tendered by appellants to respondent. Indeed, up until the time of the trial, which occurred on May 6, 1914, long after all the purchase price became due, appellants made no tender of payment thereon, nor have they since then made any tender of the balance due upon the purchase price. It seems quite clear to us that the period between the final demands made upon appellants and the actual taking of the team from them, being some three weeks, was a reasonable time within which they might have made tender of the balance then due. Surely respondent was not required to wait longer before asserting his absolute right of forfeiture, as he did by the commencement of this action and the replevying of the team.

Some contention is made rested upon the ground of respondent's title being defective at the time of and since delivery of the team to appellants and the making of the con-

ditional sale contract. The general rule is that right of possession, supported by either a special or general ownership, will support replevin at the instance of such owner. 34 Cyc. 1388. It is plain from the record that, in any event, respondent had at least such a special property in the team at all times since the making of the conditional sale contract. If, however, this rule is not controlling here, because of the peculiar relation of the parties under the contract, then one answer to this contention is that, while there are allegations of defective title in respondent, made in appellants' answer and in a complaint in intervention filed by one Champion, no evidence was introduced touching any claim to the team adverse to respondent. The intervener abandoned his claim to the team upon some sort of compromise with respondent at the beginning of the trial. We are therefore not advised by the record that there was any defect in respondent's title that would impair appellants' rights under the conditional sale contract.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, CHADWICK, and MOUNT, JJ., concur.