## GORMAN-HEAD AUTO CO. v. BARRETT et al.

No. 9679—Opinion Filed March 23, 1920.

(Syllabus by the Court.)

### Sales—Breach of Warranty—Rescission—Amended Petition—Damages.

Plaintiffs purchased from defendant a certain truck which was warranted to be of one-ton capacity. Afterwards it was discovered the truck failed to be as warranted, and the same was tendered to defendant and a demand made for the return of the purchase money, which was refused by the defendant. Plaintiffs then instituted an action to rescind the contract and recover the purchase money. On the trial of the cause, it appeared that the truck had been used continuously by plaintiffs after tender was made; whereupon, the court granted plaintiffs leave to file an amended petition praying for damages for the difference between the actual value of the truck at the time of purchase and what its value ought to have been if it had been as represented. Held, not error.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by C. F. Barrett and another, partners under name and style of C. F. Barrett & Son, against the Gorman-Head Auto Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Morgan & Deupree, for defendants in error.

PITCHFORD, J. This action was instituted in the district court of Oklahoma county on February 6, 1917, in which the defendants herein, who will hereafter be called the plaintiffs, sought a rescission of a contract for the purchase of a certain Republic motor truck and prayed for judgment for the purchase price of said truck with interest thereon. The petition alleged both a warranty and representation on the part of the plaintiff in error, hereinafter called defendant, that the said truck was what is commonly known as a "ton truck," and also alleged representations, upon which the plaintiffs relied, that the said auto truck was a ton truck. The petition further alleged that in truth and in fact the truck was not a ton truck, and that upon the discovery that the truck was not of the capacity represented, the plaintiffs immediately notified the defendant and tendered the truck back to the defendant, demanding the purchase price thereof. The defendant filed answer, and thereafter, on the 12th day of June, the cause came on for hearing. The jury was duly impaneled; thereupon, the plaintiffs pro-

duced C. F. Barrett as a witness. After several preliminary questions had been asked the witness, the defendant objected to tne introduction of any testimony upon the ground and for the reason that the petition failed to state facts sufficient to constitute a cause of action; and for the further reason that this was an action for rescission, and neither the petition nor the opening statement disclosed there had been an offer to return the truck in the same condition in which it was at the time of the alleged fraud. After considerable colloquy between the court and attorneys, it appeared that the plaintiffs, after the offer to return the truck, continued to use the same practically up to the time of trial, whereupon this statement was made by the court:

"The motion of the defendant, or rather the introduction of any evidence, will be overruled. I caution you, however, about going ahead. If you are going to rely and only ask for a rescission, and stand upon your pleadings, that the case may not be submitted to the jury, I take it under your own statements you would not be entitled to rescission in this case. You would be entitled to, if anything, recover damages because you have broken your offer by your subsequent use of the machine in your business for these several months."

Whereupon Mr. Deupree, for the plaintiffs, stated:

"In order to get the record clear, I ask to state in the opening statement that the machine has been in use since that time."

By the court:

"Then the objection to the introduction of testimony is sustained."

Permission was granted to the plaintiffs to file an amended petition, to which the defendant excepted. The amended petition is in all respects identical with the original except that paragraph 12 of the amended petition omits the following: "And that by reason thereof these plaintiffs are justified in rescinding the said sale," which is found in paragraph 12 of the original. Paragraph 13 of the amended petition is the same as paragraph 13 of the original, with this exception: The amended petition omits the following: "And offered to return the said truck and demanded that the purchase price should be refunded to them," and also the following: "That the said defendant has refused to accept the return of said truck, or to pay back to these plaintiffs any part of the purchase price so received, or to return to them their notes given in payment thereof." In the original petition where it was stated: "These plaintiffs have been damaged in the sum of $1,286," the amended petition contains the following in lieu thereof: "Plaintiffs have

been damaged in a sum equal to the difference between the value of the said truck in the condition in which they received it and the purchase price paid for said truck; that if said automobile had been as represented, it would have been of the value of $1,255 and worth said amount. 14th: That the said truck as received by these plaintiffs was of the value of $1,000." In the original the plaintiffs ask for judgment against the defendant in the sum of $1,286 with interest, being the amount paid for the truck. In the amended petition, the value of the truck was alleged to be $1,000, and plaintiffs prayed judgment against the defendant for the sum of $225. The objection of the defendant to the filing of the amended petition was by the court overruled and exceptions noted. Verdict was returned in favor of the plaintiffs and judgment entered accordingly, from which judgment the defendant prosecutes the appeal to this court.

The main error relied upon and discussed by the defendant is fully set forth in instruction No. 2, requested by the defendant and refused by the court, which is as follows:

"If you find from the evidence that the plaintiffs discovered that there had been a breach of warranty by the defendant as to the kind, character, and value of the truck purchased by plaintiffs from the defendant, you are instructed that upon the discovery of such breach of warranty, said plaintiffs had the right to elect either to return the truck to defendant, or to affirm the contract, keep the truck and sue for damages by reason of the breach of warranty; but that said plaintiffs could not do both; and if you find from the evidence that there was a breach of the warranty by defendant to plaintiffs as to the character of the truck, or that said truck was sold to the plaintiffs by reason of false and fraudulent statements and representations, and that upon discovery of said fraud said plaintiffs elected to rescind the contract of sale and offered to return the truck, and upon defendant's refusal to accept said truck, said plaintiffs brought suit for the cancellation of the contract of sale and for the recovery of the price paid therefor, and prosecuted said suit in this court up to the time of the trial, then said plaintiffs are bound by said election and your verdict must be for the defendant."

It will be observed from an examination of the original petition that the relief sought by plaintiffs was the rescission of the contract of sale. The fault in that petition was the failure to allege a sufficient tender of the truck to defendant after the discovery on the part of plaintiffs that the same failed to measure up to the representations made to induce the sale. When the statement was made in open court by plaintiff's attor-

ney that the truck had been in use by plaintiffs since the attempted tender, the court, in effect, sustained a demurrer to the petition by sustaining the objection of the defendant to the introduction of any evidence under the petition. The first question presented for our consideration is, Did the court err in granting leave to plaintiffs to file the amended petition? Section 4792, Rev. Laws, 1910, provides that if the demurrer be sustained, the adverse party may amend if the defect can be remedied by way of amendment. In this case practically the only amendment made was as to the prayer for the relief sought. The amended petition followed the original petition practically word for word in setting forth the dealings between the parties. In the original petition, plaintiffs asked that defendant be adjudged to return the consideration received for the truck from the plaintiffs. When it developed that plaintiffs were not entitled to relief because of the fact that they had used the truck after the offer to return, they were allowed to file the amended petition, in which they relied upon the same allegations as set forth in the original petition. They asked for such relief as they were entitled, to which was as stated in the amended prayer. It is nowhere insisted that the defendant was in any manner prejudiced, or that it had in any way changed its position, or that its interest had been prejudiced by the action of the court in granting leave to plaintiffs to amend.

In McKee v. Jolly, 72 Oklahoma, 178 Pac. 656, it is said:

"The amendment of pleadings at the commencement of the trial is within the sound discretion of the trial court, and it is not error for the district court to permit the plaintiff to amend his petition by interlineation, where the amendment does not substantially change plaintiff's claim, and it is not shown that any prejudice resulted to the defendant."

See, also, M., K. & T. R. Co. v. Lenahan, 68 Oklahoma, 171 Pac. 455; Hartford Fire Ins. Co. v. Sullivan, 74 Oklahoma, 179 Pac. 24; Mackenzie v. City of Anadarko, 72 Oklahoma, 178 Pac. 483.

The defendant contends that the pleading filed by the plaintiffs, entitled "Amended Petition," was not an amended petition; that it set up no amendment to the cause of action stated in the original petition, but an entirely new, distinct, and inconsistent cause of action, and that by the filing of said original petition and the pursuing of the cause of action therein set forth to a final conclusion before a jury, and the sus-

taining of an objection to the introduction of any evidence therein, the plaintiffs elected the remedy which they might pursue, and, having so elected, are estopped and were estopped from pursuing any other and inconsistent remedy.

From a careful examination of the original petition, it is evident that the allegations are sufficient to constitute false and fraudulent representation and also facts constituting a breach of warranty. In Spaulding v. Howard, 51 Okla. 502, 152 Pac. 106, the rule appears to be that where a person purchases an article under a warranty and the article fails to comply with the warranty, the purchaser has two remedies: First, he can return the article within a reasonable time after learning of the breach of the warranty and ask for the cancellation of the contract; second, he can retain the article and recover the difference between the actual value of the article at the time of the purchase and what its value ought to have been if it had been as represented. The plaintiffs, as a matter of course, were not entitled to both remedies at the same time; that is, they would not be permitted to sue for a rescission and at the same time prosecute an action for the damages. In the instant case, plaintiffs are not attempting to pursue the two remedies. No rights were secured under the petition asking for cancellation, nor has the defendant been in any way damaged thereby. In the case of McIntosh, Adm'r., v. Lynch & Fulghum, decided by this court March 16, 1920 (not yet officially reported) the syllabus is as follows:

"An action was instituted by the vendor seeking the cancellation of a deed to certain real estate on the ground of fraud. The answer filed by defendants denied that any fraud was practiced in securing the deed. Pending the action, plaintiff died. The cause was afterward revived in the name of the administrator. The action was dismissed by the administrator without prejudice and the instant action instituted, asking judgment for the balance of the purchase money. Held, the former suit did not constitute such an election as to bar the action instituted by the administrator."

In the case of Register v. Carmichael, 169 Ala. 588, 53 So. 799, also reported in 34 L. R. A. (N. S.) 309, with an extensive note dealing with the question of election of remedies and how far an action must proceed in order to amount to an election, we quote the following from page 310 of the note:

"The clear weight of authority, though there is some conflict in the decisions, seems to sustain the position taken by the court

in Register v. Carmichael, that 'an election, to be conclusive, must be efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election,' or have caused some detriment to the other party."

The case of Speed v. McMurray et al., 73 Oklahoma, 176 Pac. 506, is in principle exactly like the case at bar. There the plaintiff exchanged a farm located in Beckham county, Okla., with defendant for certain lots in Oklahoma City. The terms of exchange were agreed upon and deeds, executed by the plaintiffs to the defendant for the land located in Beckham county, and the defendant executed a deed to the lots located in Oklahoma City. About 60 days after the transaction was consummated, it was discovered that an error had been made by the parties to said transaction; that the lots that were actually deeded to plaintiffs had practically no value by reason of the fact that they were located in a ravine and the amount of money that it would require to fill and level said lots would be more than the value of the lots after said expenditure. When this mistake was discovered, the plaintiffs instituted an action to rescind the contract and to cancel the deed executed by them to the farm in Beckham county. It was disclosed at the trial of the case that the defendant had deeded the farm in Beckham county to an innocent purchaser, and that the court did not have authority to grant the relief prayed for. At the conclusion of the evidence, the plaintiffs were permitted to file an amendment to their petition, so that the petition might conform to the facts as shown by the evidence, and that the plaintiffs might be permitted to recover as damages the difference between the value of the lots agreed on and those actually conveyed.

In Cohoon v. Fisher, 146 Ind. 583-588, the facts were similar to the facts in the case at bar. We quote with approval from the decision on petition for rehearing, as follows.

"Therefore, there is much reason in holding, as the cases cited by appellee's counsel do, that an action begun to recover damages resulting from the fraud in procuring the contract is so inconsistent with a subsequent action to rescind the contract for the same fraud, that it cannot be maintained, even though the first action was abandoned before judgment. When the contract is affirmed and ratified by the injured party by such action, it then becomes binding on him and is no longer voidable, and hence, he cannot afterwards maintain a suit to rescind it. If the commencement of the suit for damages resulting from the fraud amounts to a ratification and affirmation of the contract, as we have seen it does, then there is much reason for holding the plaintiff precluded from the remedy of rescission without showing that the first suit was prosecuted to final judgment. Not so, however, if the first suit is for rescission. Its commencement is nothing more than a bare choice of remedies. Its commencement and abandonment before final judgment are not inconsistent with the continued substance of the contract, or a subsequent suit affirming such contract. There may be cases in other jurisdictions establishing a different rule, making the commencement of either suit first a conclusive choice of remedies without prosecution to final judgment. But we are of the opinion that the better rule is that established in this state, and we adhere to it."

In the case of Alliance Trust Co., Ltd., v. Choate, 76 Okla. 269, 185 Pac. 113, the court said:

"The doctrine of election has been generally regarded as being an application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions. 9 R. C. L. 957. * * * It clearly appears that the defendant trust company has not suffered any detriment, and that, as yet, the plaintiffs, have not received any benefit under this action against the sureties on the former guardian's bonds."

In 9 R. C. L. 961, we find the following:

"In this class of cases it has been pointed out that while the commencement of a suit for damages resulting from fraud amounts to a ratification of the contract and precludes the plaintiff from the remedy of rescission, yet the first commencement of a suit for rescission does not involve the repudiation of the remedy of a suit for damages for the fraud, since the abandonment of the suit for rescission involves, it has been said, the affirmation of the contract. * * * In that class of cases in which the remedies are not inconsistent but the alternative and concurrent, there is no election until one of them has been prosecuted to judgment, unless the plaintiff has gained an advantage, or the defendant has suffered a disadvantage. In some of the cases in this class it has been determined that there is no estoppel until satisfaction has been obtained."

We believe the better rule is that adopted and followed in this jurisdiction, that if the first action did not proceed to judgment, or where no advantage has been gained by the plaintiff or detriment suffered by the defendant, the doctrine of election to defeat the second action cannot be urged.

We therefore conclude that the judgment of the trial court should be affirmed, and it is so ordered.

All the Justices concur.