## SAUER, Adm'x, v. BRADLEY et al.

No. 10820—Opinion Filed Nov. 21, 1922.

(Syllabus.)

**Election of Remedies—Action for Damages After Dismissal of Action to Rescind.**

Where a party brings an action to rescind a contract on the ground of fraud, and said action is dismissed without prejudice, the bringing of the action is not such an election of remedies as to prevent the plaintiff thereafter from maintaining an action for damages for fraudulent representations.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Mary E. Sauer, administratrix of the estate of F. A. Sauer, against Robert S. Bradley, George R. McKinley, and J. C. Hartman to cancel note and for damages. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

C. C. Julien and J. L. Barnes, for plaintiff in error.

H. H. Montgomery and George, Campbell &. Ray, for defendants in error.

McNEILL, J. F. A. Sauer commenced this action in the district court of Washington county against defendants in error, to cancel a note in the sum of $1,000 executed by plaintiff in favor of defendants in error, it being alleged that plaintiff was induced by fraud to purchase certain stock in a corporation, and the note was executed as part payment thereof; and in case the note could not be surrendered or was in the hands of innocent parties, for judgment in the sum of $1,000, the amount of said note, and a further judgment for $1,000, being the amount paid in cash for said stock. It was further pleaded that the stock was of no value, and as soon as the false and fraudulent representations were discovered the plaintiff tendered the stock back to defendants and made demand for the return of his note and the $1,000 paid in money.

Defendants answered, and as a defense pleaded the plaintiff had commenced a prior action in said court against said defendants to rescind the contract for sale of said stock,

and tendered the stock back and asked to have the $1,000 note canceled or surrendered, and in case the note could not be canceled, for judgment for $1,000, the amount of said note, and a further judgment for $1,000, the amount paid in cash. A copy of the petition in the former action was copied in the answer. It was further alleged that defendants filed an answer to said petition and the issues were joined, and the case was tried to the court without a jury, and after the plaintiff introduced his evidence the court sustained a demurrer to the evidence and rendered judgment against the plaintiff and in favor of the defendants. That thereafter plaintiff filed a motion for new trial, which was sustained by the court and the judgment set aside, and the plaintiff then dismissed his action without prejudice.

To this answer the plaintiff filed a general and special demurrer, raising the question that the answer which pleaded an election of remedies failed to state a defense. The court overruled said demurrer and held as a matter of law that the plaintiff had two remedies, to wit: An action to rescind the contract and to recover back what he had paid; second, an action for damages. The court further held that the first action was an action for rescission of the contract on account of fraud. Third, that the second action was an action for damages for fraud. and that said causes of action were inconsistent and that the filing of the petition in the first action on the grounds of rescission was an election of remedies, and the plaintiff was conclusively bound by said action, and could not thereafter maintain an action for damages, although the first action was never prosecuted to judgment, but was dismissed without prejudice. The court then dismissed plaintiff's action.

The death of plaintiff was suggested and the case properly revived in the name of Mary E. Sauer as administratrix of the estate of F. A. Sauer, deceased.

There is but one question presented to this court on appeal, and that may be stated as follows: Where it is alleged a person has been induced by fraud to purchase corporation stock, if after the discovery of the fraud he brings an action to rescind the contract and recover what he has paid, and said action is dismissed without prejudice by said plaintiff, is this such an election of remedies as will thereafter bar him from maintaining an action for damages? In discussing this proposition, let us admit, for the sake of argument, that the first action was an action for rescission of the contract,

to cancel the note, and recover back the money paid, and the second action is a straight action for damages. The question for consideration is, Did the trial court commit error in holding that the commencement of the first action without prosecuting the same to final judgment was a bar to the action for damages? There is an apparent conflict between the authorities of the different states upon this question. In the case of Nycewander v. Lowman (Ind.) 24 N. E. 355, the rule is stated as follows:

"The mere bringing of a suit to rescind a contract is not such an election of remedies as to preclude plaintiff from amending the complaint so as to make it one for damages for false representations whereby the contract was induced. Distinguishing Pursley v. Wikle (Ind.) 19 N. E. 478."

This case was followed by the Supreme Court of Indiana in the case of Cohoon v. Fisher, 44 N. E. 664, and upon rehearing of the case of Cohoon v. Fisher, 45 N. E. 787, the question is thoroughly considered and the authorities cited. Since the trial of this case in the district court this court has followed the rule announced in the case of Cohoon v. Fisher, supra, in the case of Gorman-Head Auto Co. v. Barrett, 78 Okla. 34, 188 Pac. 1083. This same principle is also announced and followed in the case of Register v. Carmichael (Ala.) 53 South. 799, 34 L. R. A. (N. S.) 309. In the case of Gorman-Head Auto Co. v. Barrett and the case of Cohoon v. Fisher, supra, the plaintiff in each case brought an action first to rescind the contract and recover back what had been paid, and thereafter filed an amended petition which changed the cause of action to an action for damages. In both cases the court held that the amended petition amounted to an abandonment of the action to rescind and the amended petition was an action for damages, and in both cases the court held that the filing of the action to rescind, not being prosecuted to judgment, was not such an election of remedies as to preclude the party from thereafter maintaining an action for damages. The defendants in error, however, cite the case of Freeland v. Dolan, 84 Okla. 286, 203 Pac. 182, decided by this court. The opinion in that case cites with approval a quotation from Corpus Juris, upon the general rule, and while that quotation contains a statement that the commencement of an action is an election of remedies, yet the question of whether the commencement of an action to rescind was such an election of remedies as would thereafter prevent an action for damages was not involved in that case. The question involved in that case was a contract that

provided two inconsistent remedies for failure to make certain payments. The contract provided, first, upon failure to make certain payments, the contract was forfeited. The other remedy was that the party might have a lien upon the property for such amount, and the party in that case accepted money upon the theory that he had a lien, and this court held that he could not have accepted money paid after the breach of the contract and then thereafter elect to declare the contract null and void. In 9 R. C. L. 961, this same question is discussed and the author states as follows:

"That the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election."

By applying this principle of law to the case at bar the bringing of the prior action to rescind was not such an election of remedies as would prevent the maintaining of an action for damages unless it is pleaded that by so doing some advantage is gained or detriment has been caused to the defendants.

For the reasons stated, the cause is reversed, and the case remanded, with instructions to take such further proceedings as are consistent with the views herein expressed.

KANE, JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.