## BERRY-BEALL DRY GOODS CO. v. FRANCIS et al.

No. 14933—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 12, 1924.

1. **Mortgages—Validity—Security for Future Advances.**

A mortgage to secure future advances is valid between the parties, or as against any subsequent incumbrancer not prejudiced thereby, although it does not show on its face that it was made to secure future advances.

2. **Evidence — Parol Evidence Affecting Writing.**

Parol evidence is admissible to show the real consideration of a written contract.

3. **Pleading—Election of Cause of Action—Right to Change.**

Cross-petitioner elected to proceed upon one cause of action, but later, without having gained any advantage or causing any detriment to the plaintiff, was permitted, over the objection of the plaintiff, to withdraw the announcement and elect to proceed upon the other cause of action stated in the petition. Held, not reversible error.

(Syllabus by Ray, C.)

Commissioner's Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Berry-Beall Dry Goods Company, a corporation, against A. Francis and F. Francis, C. J. Marshall and W. A. Goodner. Judgment for defendants, and plaintiff appeals. Affirmed.

H. P. White, for plaintiff in error.

Owen, Yancey & Fist, for defendants in error.

Opinion by RAY, C. The question is as to priority of mortgages. The controversy arose upon this state of facts: A. Francis and wife engaged in the mercantile business at Drumright, and being indebted to the Marshall-Young Company and the Griffin-Goodner Grocery Company, and unable to meet their obligations, and desiring future advances, had a conference with C. J. Marshall, president and general manager of Marshall-Young Company, and W. A. Goodner, vice president and general manager of Griffin-Goodner Grocery Company, where it was agreed that future advances would be made upon security being given by Francis and his wife. Pursuant to that agreement, Francis and wife executed their promissory note to Marshall and Goodner in the sum of $5,000, with interest, due one year after date. To secure its payment they executed their mortgage on certain real estate. The mortgage was duly recorded. About six months thereafter Francis and wife, being indebted to Berry-Beall Dry Goods Company, plaintiff in error, plaintiff below, executed promissory notes aggregating $2,300, and to secure their payment gave them a mortgage on the same property. The future advances made by the Marshall-Young Company and the Griffin-Goodner Grocery Company were made prior to the execution of the notes and mortgage to the plaintiff. The Berry-Beall Company thereafter commenced suit to foreclose its mortgage. C. J. Marshall and W. A. Goodner being made parties defendant, joined by their respective companies, filed separate answers and cross-petitions. In the cross-petition of Marshall and the Marshall-Young Company it was alleged that in all the transactions Marshall was acting for and on behalf of the Marshall-Young Company, and that the note and mortgage were executed to secure future advances to be made by that company and the Griffin-Goodner Grocery Company, and that pursuant to the agreement the Marshall-Young Company has sold Francis and wife goods, which, after deducting payments, left an indebtedness of $3,240.83. An itemized statement of the account was attached. Copies of the note and mortgage were attached and made part of the petition. The prayer was for judgment against Francis and wife and that the judgment be decreed to be a prior lien upon real estate mortgaged. The cross-petition of W. A. Goodner and the Griffin-Goodner Grocery Company was identical with that of the Marshall-Young Company except as to names and amounts.

Plaintiff contends that the court erred in holding that its mortgage was junior and inferior to the mortgage of Marshall-Young Company and the Griffin-Goodner Grocery Company for the reason that it was not disclosed in the note or mortgage that they were given to secure future advances. With this contention we cannot agree. In an elaborate note to Straeffer v. Rodman (Ky.) Ann. Cas. 1913C, 560, where the authorities, English and American, are collected, it is said:

"It is now well settled that a mortgage to secure future advances is valid between the parties or as against any subsequent incumbrancer not prejudiced thereby although

it does not show on its face that it is made to secure future advances."

The authorities there cited, and which sustain the note, are from Alabama, California, Colorado. Illinois, Kansas, Kentucky, Massachusetts, Michigan, Mississippi, New Jersey, New York, Oregon, Pennsylvania, and Texas, and federal cases.

Plaintiff, at the time it took its mortgage, had notice, actual and constructive, of the former mortgage. Plaintiff was the creditor of A. Francis and wife and its mortgage was taken to secure an existing indebtedness.     Fraud was not alleged or proved, and it is not made to appear that plaintiff was in any way prejudiced or injured by the prior mortgage. The advances made to Francis and wife by the cross-petitioners went into the business.

It is further contended that the court erred in permitting parol evidence to prove that the note and mortgage to the cross-petitioners were executed to secure future advances upon the ground that parol testimony was not admissable to vary or contradict the terms of the written instruments. In the same note above cited, page 561, it is said:

"The rule that the terms of a written contract cannot be varied by parol has no application as the mortgage does not express all but only a part of the terms of a contract, hence there can be no variance. Besides, parol evidence is always admissible to show the real consideration of a contract, even when the real consideration is different from the expressed consideration."

The authorities there cited sustain the note, and this court has held to the same effect in Edwards v. City National Bank of McAlester, 83 Okla. 204, 201 Pac. 233; and in Ledford v. Huggans et al., 89 Okla. 224, 214 Pac. 687.

At the trial plaintiff moved that the cross-petitioners be required to elect whether they would proceed on the note and mortgage or on the open account. They elected to proceed on the open account and plaintiff introduced its note and mortgage and proof that they had not been paid, and rested. After defendants had interrogated one witness the court recessed for noon.    When court convened after noon counsel for cross-petitioners announced that they had unexpectedly been called upon to elect and, without mature thought, had elected to proceed upon the open account, but, upon more mature deliberation, decided to withdraw that announcement and elect to proceed on the note and mortgage, which the court permitted over the objection of the plaintiff. The court then announced that plaintiff

might then introduce any further evidence it might desire which it refused to do, but stood on its exception. This ruling of the court is urged as error.

Assuming, but not deciding. that it is a case where an election could be required, we think no error was committed by the withdrawal of the announcement and election to proceed upon the note and mortgage. No advantage was gained and plaintiff suffered no detriment.

In Gorman-Head Auto Co. v. Barrett et al., 78 Okla. 34, 188 Pac. 1083, the authorities on the subject of election of remedies are reviewed.    In that case Justice Pitchford quoted with approval from Alliance Trust Co. v. Choat, 76 Okla. 269, 185 Pac. 113, as follows:

"The doctrine of election has been generally regarded as being an application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions."

—and from Register v. Carmichael (Ala.) 53 South. 799:

'The party against whom the estoppel is pleaded must have received some benefit under his election or have caused some detriment to the other party."

And concludes:

"We believe the better rule is that adopted and followed in this jurisdiction, that if the first action did not proceed to judgment or where no advantage has been gained by the plaintiff or detriment suffered by the defendant, the doctrine of election to defeat the second action cannot be urged."

Other questions are presented as to the right of the Marshall-Young Company and the Griffin-Goodner Grocery Company to maintain the action, and irregularities in the foreclosure of their mortgage not necessary to decide, for, in any event, after it has been determined that theirs is a valid mortgage of which the plaintiff had notice, actual and constructive, at the time of the acceptance of its mortgage, its mortgage cannot be decreed a priority. Plaintiff could only be interested in the amount of indebtedness of Francis and wife to the cross-petitioners. and the amount of the judgment against them for the payment of which foreclosure was decreed. It is not contended that the cross-petitioners' judgment against Francis and wife was in excess, either of the amount of the note or the advances made.

The judgment should be affirmed.

By the Court: It is so ordered.