## LESTER v. FIELDS.

No. 24833.    April 9, 1935.

Percy Powers and Lester & Briggs, for plaintiff in error.

W. T. Jeter, for defendant in error.

PER CURIAM. The parties bear the same relation here as they did in the lower court.

Plaintiff filed his petition alleging the execution by the defendant of a series of promissory notes in a transaction involving the purchase of certain machinery, which notes reserved title in the plaintiff to such machinery until the notes were paid, default in the payment of such notes, and prayed for a money judgment on the unpaid notes and for the possession of the machinery. The machinery was taken in replevin and restored to the defendant on his re-delivery bond. Defendant demurred to the petition on the ground of misjoinder of causes of action, and the same was sustained by the court upon such ground, the order entered thereon reading, in part, as follows:

"It is therefore the order of the court that said demurrer be and the same is hereby sustained upon the ground that there is a misjoinder of action in said petition, to which action of the court the plaintiff excepts. It is further ordered that the plaintiff have ten days to elect which cause of action he will elect to prosecute."

Thereafter plaintiff filed his amended petition, which is complete in itself, and follows generally the allegations of the origin default, and the case was tried by the sion of the machinery. Defendant answered by way of general denial.

With the leave of the court, A. K. Key intervened, setting up his claim to the machinery in question, asserting that it was attached to real estate purchased by him from the defendant, without notice of the conditional sales contract, and that the plaintiff had elected by his original petition to treat the sale as complete and had waived any right to the possession of such property by said election. Plaintiff answered by general denial. The conditional sale notes in question were never filed for record, but evidence was introduced at the first trial that the intervener had actual notice of them prior to his purchase of the land on which the machinery was located.

When the case was called for trial, defendant did not appear and was adjudged in default, and the case was tried by the court as between the plaintiff and the intervener, the parties waived trial by jury. At the close of the trial, the court found in favor of the plaintiff and against the intervener. Said intervener filed his motion for new trial, which was sustained and a new trial granted. At the new trial, the parties stipulated that the evidence introduced at the former trial be reintroduced and considered. All additional testimony offered deals with the value of the machinery in question, except the original petition which was introduced in evidence, and the court then rendered judgment against the plaintiff and the intervener and in favor of the defendant. The intervener is apparently satisfied with the judgment against him.

The record and the briefs of each the plaintiff and defendant indicate that the determining question in the lower court and here is whether or not the prayer of the

plaintiff's original petition for a money judgment on the notes, in addition to asking for possession of the property involved, constituted an election to consider his sale transaction as complete, and thereafter precluded him from seeking possession of the property. The lower court held at the second trial that such petition constituted such an election, since there was nothing else introduced at such second hearing to cause the judge to reverse his former position. That the two remedies are inconsistent cannot be questioned.

Upon the question of election of remedies, we find the following statement in Bancroft's Code Practice and Remedies, sec. 189:

"Many of the cases go to the extent of holding that the commencement of an action in pursuit of one remedy is a conclusive election by which the plaintiff is bound, and that he cannot, by dismissing such action before judgment, or by an amendment to his complaint, be permitted to pursue another and inconsistent remedy. '* * * But the more reasonable rule, which has been adopted in a number of jurisdictions, is that the mere bringing of an action which is dismissed before final judgment, and in which no element of estoppel has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election. Mansfield v. Pickwick Stages, 191 Cal. 129, 215 P. 389; Brice v. Walker, 50 Cal. App. 49, 194 P. 721; Carson v. Greeley, 107 Neb. 609, 187 N. W. 47; Sauer v. Bradley, 87 Okla. 277, 210 P. 726; McIntosh v. Lynch, 78 Okla. 85, 188 P. 1079; Gridley, v. Ross, 37 Idaho, 693, 217 P. 989; Barton v. Oklahoma, K. & M. R. Co., 96 Okla. 119, 220 P. 929; Gorman-Head Auto Co. v. Barrett, 78 Okla. 34, 188 P. 1083; Berry-Beall Dry Goods Co. v. Francis, 104 Okla. 81, 230 P. 496."

The general rule, supported by the great weight of authority, is stated in 20 Corpus Juris at page 29, as follows:

"While the decisions are not harmonious as to the effect of commencing an action to enforce one of two or more remedial rights arising out of the same facts, in the absence of mistake, or some other legal excuse, according to the weight of authority, the mere commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain such proceeding, is such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of inconsistent remedial rights," —yet it would appear that this rule applies where separate actions are filed to enforce one of two or more inconsistent remedies, since from the same authority it will be noted that even in those jurisdictions following the above rule:

"Where plaintiff alleges two inconsistent causes of action in the same complaint, there is no election as to either, but at the time of trial plaintiff may be required to elect between them." (20 C. J. 31, citing: Carabin v. Willhelm, 87 Wash. 52, 151 P. 87; National Granite Bank v. Tyndale, 179 Mass. 390, 60 N. E. 927; Whiteside v. Brawley, 152 Mass. 133, 24 N. E. 1088.)

In Bancroft, Code Practice & Remedies, sec. 189, at page 287, the same rule is stated as follows:

"But the filing of a complaint seeking two inconsistent remedies does not constitute an election to pursue either of them."

It should take no argument or authorities to show the wisdom and justice of this rule. As in the present case, the plaintiff has two remedies. He can pursue either, but he cannot have both. If we hold that the filing of his petition in which he sought both to be an election of remedies, who could determine which remedy he had thereby elected to pursue? As a result, both remedies would be defeated. If the defendant were permitted to assert, as he has in the present case, that the prayer for a money judgment precludes recovery of the property, what would prevent a similar defense being interposed in a suit later filed to recover the unpaid face of the notes?

Nor are we unmindful of the fact that the first syllabus to the decision of this court in the case of Galbreath v. Mayo, 70 Okla. 252, 174 P. 517, reads:

"Where a sale of personal property is made in which the vendor retains the title to the property until the purchase price thereof is paid and takes notes from the purchaser for such purchase price, and upon default in the payment of said notes the vendor brings an action upon said notes, it is an election by the vendor to make such conditional sale absolute and defeats the rights of the vendor to maintain action of replevin for said personal property,"

—from which the defendant contends that this court has already taken the position that the mere institution of a suit upon the notes precludes recovery of the property. In that suit the plaintiff proceeded to judgment upon both remedies, and the question for determination in this court was whether or not, having so proceeded, an election resulted. In his opinion on the above cited case, the commissioner makes the following statement, at page 254 of 70 Okla.:

"It therefore follows that the plaintiffs, having brought suit upon the notes given by the defendant, made an election to treat

the sale as absolute, and therefore were not entitled to recover the personal property for which replevin was brought."

The mere filing of suit upon one of two or more inconsistent causes of action does not, generally, constitute an election in this jurisdiction. In the case of Sauer, Adm'x, v. Bradley et al., 87 Okla. 277, 210 P. 726, we held:

"Where a party brings an action to rescind a contract on the ground of fraud, and said action is dismissed without prejudice, the bringing of the action is not such an election of remedies as to prevent the plaintiff thereafter from maintaining an action for damages for fraudulent representations."

After discussing the conflict in the authorities, in that case this court held at page 278 of 87 Okla. Reports:

"In 9 R. C. L. 961, this same question is discussed and the author states as follows:

" 'That the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election.'

"By applying this principle of law to the case at bar the bringing of the prior action to rescind was not such an election of remedies as would prevent the maintaining of an action for damages unless it is pleaded that by so doing some advantage is gained or detriment has been caused to the defendants."

In the case of Gorman-Head Auto Co. v. Barrett et al., 78 Okla. 34, 188 P. 1083, where this court held that the allowance of amendment to a petition, which originally asked the rescission of a contract of sale and the recovery of the purchase price, to plead a cause of action for the difference between the actual value of the truck at the time of purchase and what the value ought to have been if it had been as represented was not error, we said:

"In the case of Alliance Trust Co., Ltd., v. Choate, 76 Okla. 269, 185 P. 113, the court said:

" 'The doctrine of election has been generally regarded as being an application of the law of estoppel, upon the theory that a party cannot, in the assertion or prosecution of his rights, occupy inconsistent positions. 9 R. C. L. 957. * * * It clearly appears that the defendant trust company has not suffered any detriment, and that, as yet, the plaintiffs have not received any benefit under their action against the sureties on the former guardian's bonds.'

"In 9 R. C. L. 961, we find the following:

" ' * * * In that class of cases in which the remedies are not inconsistent but are alternative and concurrent, there is no election until one of them has been prosecuted to judgment, unless the plaintiff has gained an advantage, or the defendant has suffered a disadvantage. In some of the cases in this class it has been determined that there is no estoppel until satisfaction has been obtained.'

"We believe the better rule is that adopted and followed in this jurisdiction, that if the first action did not proceed to judgment, or where no advantage has been gained by the plaintiff or detriment suffered by the defendant, the doctrine of election to defeat the second action cannot be urged."

The same rule was cited with approval and followed in the case of Berry-Beall Dry Goods Co. v. Francis et al., 104 Okla. 81, 230 P. 496, the third syllabus to which reads:

"Cross-petitioner elected to proceed upon one cause of action, but later, without having gained any advantage or causing any detriment to the plaintiff, was permitted, over the objection of the plaintiff, to withdraw the announcement and elect to proceed upon the other cause of action, stated in the petition. Held, not reversible error."

We find nothing in the law of conditional sale contracts which would indicate that another or different rule than the general law on election of remedies should be applied to them. We need not here decide what the effect would have been had the plaintiff first filed a separate action for recovery of the unpaid balance of his notes, for that question is not here involved. An examination of the original petition will reveal that even separate causes of action on the two remedies were not pleaded, the prayer merely asking both for a money judgment and possession of the property. When the defendant's demurrer to the petition was properly sustained for misjoinder of causes, it is clear that the court did not then consider that the plaintiff had then or previously elected to pursue either of his remedies to the exclusion of the other, since the order recites:

"It is further ordered that the plaintiff have ten days to elect which cause of action he will elect to prosecute."

It is not seriously contended that the plaintiff has gained any advantage or that the defendant has suffered any detriment by the filing of such petition, nor can either be shown.

Even had the causes been separately stated and had the cause of action for judgment on the notes been first stated, our position would not be changed. That situation was properly analyzed and passed upon by the Washington court in the case of Carabin v. Wilhelm et al., 151 P. 87, where the court says, at page 88 of Pac. Reports:

"The argument seems to be that the election was made by respondent to sue for the balance due by setting up that as his first cause of action. We think, however, that since in the same complaint he set up his replevin cause of action, his complaint did not evidence an intention to then make an election. Indeed, respondent's causing the seizure of the team at the same time might be regarded as some evidence of election to proceed upon the second cause of action. However, we think the record before us contains no conclusive evidence of an election of remedies until made by respondent at the beginning of the trial."

Justice and fairness and the general law on election of remedies require that we hold that the filing of the original petition in this cause, asserting two inconsistent remedies, did not constitute an election as to either. The lower court, therefore, erred in refusing to sustain the motion of plaintiff for a new trial, and such judgment is reversed and remanded, with instructions to re-enter judgment for the plaintiff for the recovery of the personal property involved.

The Supreme Court acknowledges the aid of Attorneys R. O. Wilson, Chester L. Armstrong, and J. E. Burns in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Armstrong and Mr. Burns, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.