**KUHL v. HAYES.**

**In re HAYES.**

**No. 4772.**

United States Court of Appeals,
Tenth Circuit.

April 13, 1954.

Kenneth M. Nohe, Wichita, Kan. (Eugene G. Coombs, Wichita, Kan., on the brief), for appellant.

Arthur G. Johnson, Wichita, Kan. (Dwight S. Wallace, Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order of the Referee in Bankruptcy, confirmed on petition to review by an order of the District Court, denying the claim of Kuhl against the estate of Edna G. Hayes, Bankrupt.

On April 1, 1948, Kuhl entered into contract with Robert L. Hayes and Edna G. Hayes, under which Kuhl agreed to sell his clothing business, situated in Wichita, Kansas, embracing a stock of merchandise, equipment and fixtures, for the sum of $11,000. The contract was a conditional sale contract and it was not recorded. It reserved title to the property in the seller until the full purchase price was paid. It provided for a down payment of $2,500, and for the payment of the balance in quarterly installments, with interest at 4% per annum. It provided that upon default by the buyer in the punctual payment of any of the deferred payments, the seller could declare the full amount of the unpaid purchase price immediately due and payable, or that the seller, at his option, could retain the payments paid as liquidated damages and take immediate possession of the property.

The Hayeses paid three quarterly installments and defaulted in the installments thereafter due. After crediting payments made, the balance due on the contract on October 1, 1949, was $7,-905.65.

On December 27, 1949, in an action pending in the District Court of Sedgwick County, Kansas, brought by the Globe Tailoring Company, a corporation, against Robert L. Hayes, a receiver of the clothing business was appointed. The receiver was directed to sell the property and liquidate the business. The Hayeses had operated the business from April 1, 1948, until December 27, 1949, when the state court receiver took possession of the assets of the clothing

business. Edna G. Hayes was not a party to the state court action.

On February 9, 1950, Kuhl filed an intervening petition in the receivership suit, in which he alleged the terms and conditions of the conditional sale contract. He further alleged that the Hayeses went into possession of the clothing business and the property embraced in the sale contract; that the Hayeses had paid $3,600 on the purchase price; that the Hayeses had defaulted in the making of deferred payments; that on February 1, 1950, there was due on the contract principal and interest aggregating $8,011.06; that he had demanded payment of the unpaid balance, but that the same remained wholly unpaid; that he had made demand upon the Hayeses for possession of the property covered by the sale contract, and that the Hayeses had refused to deliver the same to Kuhl. He prayed for judgment awarding him immediate possession of the property, or in the alternative, if the court should find that he was not entitled to possession of the property, that he be awarded a common claim in the amount of $8,011.06. The state court awarded Kuhl a common claim in the amount of $7,984.65. The state court directed that a dividend of 11.754% be distributed to the creditors. Kuhl received as his distributive share the amount of $938.55.

On September 21, 1951, Kuhl filed his claim in bankruptcy for the unpaid balance under the contract, amounting to $7,300.45.

The trustee and the bankrupt filed objections to the claim, on the ground that Kuhl had elected the remedy of recovering possession of the property under the sale contract. The Referee held that the sale contract reserved title to Kuhl, with the right to retake the property on default of the buyers; that Kuhl had two remedies: One, to enforce the contract by demanding the deferred payments; the other, to recover the property; that such remedies are inconsistent, and that by his intervening petition, filed in the state court, Kuhl had elected the remedy of recovering the property.

To constitute an election of remedies, two or more inconsistent remedies must be available to the litigant, and he must have chosen to avail himself of one of them. Such choice must be made (1) with full knowledge or means of knowledge of the facts; (2) it must be clear, unequivocal, unconditional and deliberate, and (3) it must be made by a decisive act.[1]

An election of remedies is an affirmative defense. It must be pleaded by the party who asserts it and the burden of proof is on him to establish it.[2]

In order for a party to be concluded by an election between two inconsistent remedies, both must, in fact, be open to him at the time he avails himself of a remedy.[3] "The fatuous choice of a fancied remedy that never existed, and its futile pursuit until the court adjudges that it never had existence is no defense to an action to enforce an actual remedy inconsistent with that first invoked through mistake."[4]

Here, it is obvious that a substantial, if not the greater, portion of the subject matter of the sale contract was a stock of merchandise. The Hayeses went into possession of such stock of merchandise on or about April 1, 1948, and continued to operate the business until December 27, 1949. It is a reasonable inference that much of the stock of merchandise in that interim had been sold and replaced by new goods. It may be seriously doubted that as against

1. Taylor v. Robertson Petroleum Co., 156 Kan. 822, 137 P.2d 150; Fee & Liddon Co. v. Porter, 144 Kan. 108, 58 P.2d 55; Ireland v. Waymire, 107 Kan. 384, 191 P. 304.

2. Gardner v. Gauthier, 101 Vt. 147, 141 A. 682, 683, 684; Willard v. Shekell, 236 Mich. 197, 210 N.W. 260, 262; Henderson

Tire & Rubber Co. v. Gregory, 8 Cir., 16 F.2d 589, 592, 49 A.L.R. 1503.

3. McKim v. Carre, 72 Kan. 461, 83 P. 1105; Loomis v. City of Augusta, 151 Kan. 343, 99 P.2d 988, 991.

4. Barnsdall v. Waltemeyer, 8 Cir., 142 F. 415, 420.

creditors of the Hayeses, whose claims arose subsequent to April 1, 1948, the remedy of retaking the goods under the sale contract was available to Kuhl.[5] So far as we have been able to ascertain, the Kansas courts have not passed on this question.

We are of the opinion that this record failed to establish that the remedy of repossessing the property was available to Kuhl in the state court proceeding. Moreover, the state court did not grant Kuhl's prayer for the possession of the property, but allowed his claim for the balance due thereon and permitted him to take his distributive share of the assets of the receivership.

▆ Furthermore, at least the remedy of repossessing the property was a doubtful one and under the Kansas decisions Kuhl had a right to plead the facts and ask for relief in the alternative.[6] A party is not required to select his procedure at his peril.[7] Where a party alleges two inconsistent causes of action or remedies in the same complaint and asks for relief in the alternative, there is no election as to either.[8]

▆ Here, so far as this record discloses, Kuhl was not called upon to elect in the state court proceeding, and, as stated above, the court did not grant his prayer for recovery of the property, but awarded him a money claim for the balance due.

We conclude there was no election of remedies and that Kuhl was entitled to pursue his claim against the bankrupt estate.

The order appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.

5. Boice v. Finance & Guaranty Corporation, 127 Va. 563, 102 S.E. 591, 10 A.L.R. 654 and note at p. 662; 14 C.J.S., Chattel Mortgages, § 35, p. 643; 11 C.J., Chattel Mortgages § 44, p. 436.

6. Katschor v. Ley, 153 Kan. 569, 113 P. 2d 127, 135.

7. Corbett v. Boston & M. R. R., 219 Mass. 351, 107 N.E. 60, 62, 12 A.L.R. 683.

8. Lester v. Fields, 171 Okl. 442, 43 P.2d 87, 88, 89; Southern Bldg. & Loan Ass'n v. Bartee, 24 Ala.App. 555, 139 So. 293; Carabin v. Wilhelm, 87 Wash. 52, 151 P. 87, 88; Whiteside v. Brawley, 152 Mass. 133, 24 N.E. 1088, 1089; National Granite Bank v. Whicher, 179 Mass. 390, 60 N.E. 927, 928.