**MIKE BRADFORD & COMPANY,**
Inc., et al., Appellants,

v.

**F. A. CHASTAIN CONSTRUCTION,**
**INC., Appellee.**

No. 24544.

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1968.

Rehearing Denied Feb. 2, 1968.

Edgar Miller, by Miller & Russell, Miami, Fla., for appellants.

Robert J. Ritter, Miami, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge.

By written agreement, appellee Chastain rented certain heavy construction machinery and supplied operators therefor to appellant Bradford Overseas, Inc. for a construction project on San Salvador Island. When this work was com-

pleted Bradford Overseas, Inc. loaded the machinery on a vessel and transported it to another job that it had on sub-contract from appellant Mike Bradford & Co., Inc., on Grand Bahama Island. Bradford Overseas utilized the equipment from July 14, 1963, to October 4, 1963, although no operators were furnished by Chastain after September 1, 1963. Bradford Overseas having wholly failed to pay Chastain for the labor or equipment, Chastain brought suit under the Miller Act[1] against Mike Bradford & Co., Inc., the prime contractor, its bonding company, American Employers Insurance Co., and Bradford Overseas, Inc., the subcontractor,[2] alleging in the alternative that Chastain had either an oral express contract to supply Bradford with labor and equipment, or that there was an implied contract under which Chastain was entitled to recover the reasonable value of the labor and equipment furnished. Bradford's defense was that there was an oral express contract entirely different from that alleged by Chastain, and that the suit was time barred under the provisions of 40 U.S.C.A. § 270b(b).[3]

Final judgment was entered upon a jury verdict in favor of Chastain for the damages it sought (the amount of which was precisely that stipulated in the San Salvador contract), together with interest and attorney's fees. This appeal ensued.

■ At the trial Chastain was permitted to introduce, over objection, the written San Salvador contract between the parties on the basis that the equipment described in and the terms of that contract were the same as the equipment supplied and the terms of the oral contract made in connection with the Grand Bahama construction project. This did not inject a new issue into the case as Bradford argues. It was Chastain's claim that the parties agreed to define the terms of the oral contract by reference to the written San Salvador contract. Upon this showing the written contract was clearly admissible.

■ Bradford's next assertion, that there was no proof that would justify a recovery by Chastain on an implied contract, is simply not supported by the record. Nor was there an attempted recovery on quantum meruit in derogation of the provisions of an express contract as Bradford seems to urge. Under an oral express contract Chastain sought $14,595.76 for labor and equipment, but alternatively, if it were determined that the labor and equipment were furnished pursuant to an oral agreement without specific terms agreed upon, Chastain sought the reasonable value thereof. Evidence was adduced that would have supported either claim and Chastain was entitled to have both claims considered by the jury so that it could determine whether Chastain was entitled to recover on one or the other or neither. Weigand v. Pennsylvania R.R. Co., 3 Cir. 1959, 267 F.2d 281; Kuhl v. Hayes, 10 Cir. 1954, 212 F.2d 37; 1A Barron and Holtzoff § 282, at 203.

■ Finally, Bradford contends that the suit was not commenced until after the expiration of one year from the last work performed under the contract and that the district court was therefore without jurisdiction. 40 U.S.C.A. § 270b(b). Bradford accepts arguendo the oral agreement alleged by Chastain that Chastain was to furnish certain machinery and equipment together with operators thereof to Bradford. With this premise Bradford notes that suit was filed September 21, 1964, the equipment was returned by Bradford to Chastain October 4, 1963, but that no operators for the equipment were furnished by Chastain after September 1, 1963, and

1. 40 U.S.C.A. § 270a et seq.

2. For convenience the prime and sub-contractors and the insurance company are all hereinafter referred to as Bradford.

3. § 270b(b) provides in pertinent part: " * * * but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him. * * * "

since the equipment, *together with* operators, was to be furnished to Bradford the suit was untimely. We disagree. The return of the equipment by Bradford to Chastain was entirely up to Bradford. This was accomplished on October 4, 1963. Until that time, Bradford had the choice of keeping on or dismissing the equipment operators. If the equipment was idle at times for reasons within the control of Bradford, the full amount under the contract is recoverable. See Friebel and Hartman, Inc. v. United States, 6 Cir. 1956, 238 F.2d 394. Of even greater importance is the plain meaning of the statute involved. Section 270b(b) provides that the one year period begins either on the day the labor ceases *or* when the last material was supplied.[4] It is undisputed that the last material was supplied as of October 4, 1963. Therefore, this action was commenced within the one year period required by statute.

Affirmed.