# THE DETROIT HEATING AND LIGHTING COMPANY, RESPONDENT *v.* SIDNEY STEVENS, APPELLANT.

PLEADING—PRACTICE—ACTION ON CONTRACT—TRIAL ON IMPROPER ISSUE—RE-TRIAL — AMENDMENTS ALLOWED.   PRACTICE — TRIAL ON ISSUE NOT RAISED BY PLEADINGS—NO ESTOPPEL TO RAISING VALID DEFENSE UPON WHICH NO TRIAL HAS BEEN HAD — SEC. 2972 R. S. 1898.—ELECTION OF REMEDIES.

*Pleading—Practice—Action on Contract—Trial on Improper Issue— Re-trial—Amendments Allowed.*

In an action on a contract for the balance of the purchase price of a heater, sold and delivered by plaintiff to defendant, defendant answered denying the indebetedness and cross-complained for a violation of the contract and claimed damages for the breach; at the hearing defendant voluntarily elected, by his counsel, to rely upon a recision of the contract, waived all claim for damages but did not amend his answer or cross-complaint; upon the trial defendant had a verdict and judgment, which was reversed by this court, upon a former appeal, (16 Utah 177) upon the ground that the defendant accepted the heater and had no right to rescind the contract, that he must rely upon the warranty contained in the contract and be confined to a recovery for its breach.

*Held,* that, under such conditions, upon a second trial, the defendant should be allowed to file an amended answer and counter claim, denying that plaintiff had performed its agreement, denying the indebtedness, claiming a violation of the agreement and damages resulting therefrom.

*Practice—Trial on Issue not raised by Pleadings—No Estoppel to raising valid defense upon which no trial has been had—Sec. 2972 R. S. 1898.*

Under Sec. 2972, R. S. 1898, where a defendant through mistake elects to proceed to trial upon an issue not raised by

—16.

the pleadings, and under which no recovery could be had, although such practice deserves criticism, yet upon a re-trial the defendant is not estopped from setting up by amended pleadings, any defense which he may have, and upon which he has never had a trial.

*Election of Remedies.*

A party in his answer cannot deliberately take one of two contradictory positions, and after being defeated in one choose the other. But a mere attempt to claim a right or pursue a remedy to which a party is not entitled and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application to such a case.

(Decided Sept. 9, 1899.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to recover a balance upon a contract for the purchase price of a heater sold to defendant. The defendant denied the allegations of the complaint; denied that plaintiff performed his contract, and denied the indebtedness and by way of cross complaint alleged the violation of the contract by the plaintiff, and claimed damages for the breach and non-compliance therewith. From a judgment for defendant plaintiff appeals. *Reversed.*

*A. J. Weber, Esq.,* and *Thomas Maloney, Esq.,* for appellant.

Before there can be an "election of remedies" there must, as a *sine qua non,* be co-existing remedies on a given state of facts. 7 Ency. Pl. and Pr. 361–2, note 2.

Really and in fact, the defendant had only one remedy, viz., the remedy for damages growing out of the breach of the guaranties and warranties in the contract. *Morris*

v. *Rexford*, 18 N. Y. 552, and *Kinney* v. *Kierman*, 49 N. Y. 164; *McNutt* v. *Hilkins*, 80 Hun. (N. Y.) 235.

See note on page 364 Vol. 7 Ency. Pl. & Pr. *Smith* v. *Carlson*, 36 Minn. 220.

The fact that a party wrongfully supposes that he has two such rights and attempts to choose the one to which he is not entitled, is not enough to prevent his exercising the other, if he is entitled to that. *Johnson-Brinkman Co.* v. *R. R.*, 26 L. R. A. 842; *Metcalf* v. *Williams*, 144 Mass., 452–454; *Kelsey* v. *Murphy*, 26 Pa. 76–83; *Morris* v. *Rexford*, 18 N. Y. 552; *Lee* v. *Templeton*, 73 Ind. 315; *Bunch* v. *Graves*, 10 West Rep. 230, S. C. 111 Ind. 351.

*T. R. O'Connolly, Esq.*, and *J. D. Murphy*, for respondent.

The vendee of goods under a contract has choice of *two* remedies for breach, (a) either to rescind the contract, return, or offer to return the article purchased and recover back the amounts paid under the said contract, or (b) to recover damages for a failure of the article purchased to meet the requirements of the guarantee. ·

The election of remedies rests entirely with the *vendee*, but having, with a knowledge or means of knowledge of all the facts in the case, deliberately selected *one* remedy, he will be estopped from setting up the other as a defense. *Bowen* v. *Mandeville*, 95 N. Y. 237.

From the overwhelming weight of authorities establishing the doctrine of election, we cite a few only as they illustrate the point in issue. *Rodermund* v. *Clark*, 46 N. Y. 354; *Fowler* v. *Bowery Sav. Bank*, 4 L. R. A. 145; *Moller, et al.* v. *Tuska*, 87 N. Y. 166; *Rob* v. *Vos*, 155 U. S. 52. Book 39 L. C. P. Ed. *Connihan* v. *Thompson*, 11 Mass. 270; *Thompson* v. *Howard*, 31

Mich. 309; *Farlow* v. *Ellis*, 15 Mass. 231; *Hale* v. *Rice*, 124 Mass. 292; *Smith* v. *Hodson*, (2 Smith's Leading Cases 126.)

MINER, J.

In the court below this case was tried by the court without a jury and judgment rendered in favor of the plaintiff. The case was before this court on a former appeal by the plaintiff, and the case was reversed, and a new trial ordered, 16 Utah, 177.

The plaintiff brought this action to recover a balance due upon a contract for the purchase price of a heater sold to the defendant. The defendant denied the allegations of the complaint; denied that plaintiff performed his contract as alleged in the complaint, and denied the indebtedness claimed. In his cross complaint the defendant alleged the violation of the contract sued upon by the plaintiff, and claimed damages by reason of plaintiff's breach and non-compliance therewith.

On the first trial counsel for the plaintiff moved that defendant be required to elect upon which defense he would rely, either a rescission of the contract and a recovery of the money paid thereon, or recouping in damages for a failure of the heater to meet the requirements of the guaranty under which it was sold. Thereupon the defendant, by his counsel elected to rely upon a rescission of the contract and waived all claims for damages, but without amending the answer or cross-complaint. The case was tried and the defendant recovered a judgment against the plaintiff for $1,627.47, in reliance upon a rescission of the contract.

The court below, on the first trial, found that the plaintiff did not comply with the contract; that defendant never accepted the heating apparatus; that the defendant

before the commencement of the action notified the plaintiff that the heating apparatus was subject to its orders, and demanded a return of the money paid. The judgment was based upon a non-acceptance of the heater and the election of the defendant to rescind the contract and to demand back the money paid upon it, without any allegation in the complaint upon which such a recovery could be had, and this court in 16 Utah, 177, held, "That the defendant accepted the heater and had no right to elect to rescind the contract, and that the plaintiff must recover, if at all, damages for a breach of the contract. In finding that the defendant did not accept the heater, and in basing its judgment upon the assumption that the contract was rescinded, we must hold that the court erred. The defendant should have been held to rely upon the warranty contained in the contract, and confined to a recovery for its breach," and directed a new trial.

Upon the second trial in the court below, defendant moved to amend by filing a new verified answer and counter claim. In this proposed answer and counter claim defendant denied that the plaintiff had performed its agreement contained in the contract; denied the indebtedness, and claimed a violation of the agreement and damages resulting therefrom. The court refused to permit the defendant to file said amended answer and counter claim, but held as follows: "It appearing to the court that the defendant has heretofore elected to defend against the contract set up in the plaintiff's complaint by way of rescission, and the answer now presented to the court being in opposition to such election, therefore it is ordered that all of such answer, except that part relating to set-offs and counter claims against the original contract, and so much of the answer denying the allegations of the complaint be, and the same are hereby stricken out," to all of which the defendant excepted.

The questions to be determined are, 1st, did the court err in refusing the proposed amendments; 2d, by making the election on the former trial and waiving all claims for damages, and relying upon a rescission of the contract, is the defendant estopped from setting up his claim for damages for a violation of the contract?

Upon examination of the original complaint and cross-complaint it will be seen that no rescission of the contract was claimed or plead, and no return of the heater offered. When the question of a breach of the contract and damages was eliminated, but little, if anything was left with which to proceed to trial except the bare denial of plaintiff's claim.

Before the court could order an election, something must be shown to justify it from the pleadings. The complaint did not present a case where the defendant was required to elect. By voluntarily electing to rely upon a rescission of the contract and waiving all claims for damages, without any order requiring such election, the defendant, by his counsel, deprived himself of any defense. As we held upon the former appeal: "It was not in the power of the defendant to take advantage of the condition and regard the title as in the plaintiff and rescind the contract, or maintain he had not accepted the heater, and and refuse to pay for it for the same reason. The plaintiff did not claim the benefit of the condition, but elected to treat the title as in the defendant, and bring suit for the balance due on the purchase price. The defendant relied upon the contract in his cross-complaint and alleged damages amounting to $3,721.48, for its breach, but on the trial he expressly elected to rely upon a rescission of the contract, and to waive any claim for damages, without amending his cross-complaint."

Section 2972, Rev. Stat. Utah, 1898, provides: "The

defendant may set forth by answer as many defenses and counterclaims, legal or equitable, or both as he may have. They must be separately stated and the several defenses must refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished."

Under a similar statute in California, it is held that a defendant may plead separately as many defenses, under proper circumstances as he pleases; each must be consistent with itself, but need not be consistent with the others. *Buhne* v. *Corbett*, 43 Cal. 264; *Bell* v. *Brown*, 22 Cal. 672; *Milton* v. *Cleveland*, 30 Cal. 192.

It is laid down in Pomeroy's Code Pleading (3d ed.) Sec. 722, that "Assuming that the defenses are utterly inconsistent, the rule is established by an overwhelming weight of judicial authority, that, unless expressly prohibited by the statute, they may still be united in one answer. It follows that the defendant cannot be compelled to elect between such defenses, nor can evidence in favor of either be excluded at the trial on the ground of inconsistency." And the author cites many authorities, but states that a different rule prevails in many states.

In *Kelley* v. *Bernheimer*, 3 N. Y. Sup. Ct., 140, it is held that the court will not compel an election between the defenses unless they are so far inconsistent that both cannot properly co-exist in the same transaction.

In Utah it has been held that a defendant, under the code, is permitted to plead as many defenses as he may have if, when the answer is verified, they be not contradictory. *Burnham* v. *Call*, 2 Utah 433.

Under Sec. 723 Pomeroy's Rem. many examples are stated wherein a different defense may be suffered, such as in ejectment; general denial and statute of limitations, or general denial and confession and avoidance; in an ac-

tion on a note denial of plaintiff's ownership of the note and payment is permissible; so, denial, statute of limitations and release are not inconsistent in the answer; in assault and battery, general denial, self defense, and defense of possession are not inconsistent; in slander, denial and justification are not inconsistent; in trespass to lands the answer may deny the title and plead license; in an action for services the answer may state general denial, payment and set off. *Welch* v. *Seligman*, 25 N. Y. Supp. 363.

But a party cannot take one of two contradictory positions and after being defeated in one choose the other remedy.

A party may not take contradictory positions; and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again. He is not permitted to make a second election, when he has once elected. *Morris* v. *Rexford*, 18 N. Y. 552; *Thompson* v. *Howard*, 31 Mich. 309; *McNutt* v. *Hilkins*, 27 N. Y. Supp. 1047; *Greton* v. *Smith*, 33 N. Y. 245; *Strong* v. *Strong*, 102 N. Y. 69; 7 Enc. Pl. & Pr. pp. 364 and 361, and cases cited; *Bryan Brown Shoe Co.* v. *Block*, 52 Ark. 458; *Rodermund* v. *Clark*, 46 N. Y. 354; *Fowler* v. *Bank*, 4 L. R. A. 145; *Robb* v. *Vos*, 155 U. S. 13; *Hale* v. *Rice*, 124 Mass. 292; *Metcalf* v. *Williams*, 144 Mass. 452.

The election on the part of the defendant's attorney to waive all claims for damages, and to rely for his defense upon a rescission of the contract, deprived the defendant of his defense to the action and was wholly unnecessary

and uncalled for under the pleadings. The question of rescission was not within the issues. By such election the defendant was attempting to pursue a remedy to which he was not entitled under his pleadings, and he could obtain no legal satisfaction therefrom.

It was said in *Fifield* v. *Edwards*, 39 Mich. 264, that "Estoppel from asserting a claim excluded from a former suit cannot apply where it was not within the issue in that suit and there was therefore no opportunity to establish it."

In the matter of Van Norman, 41 Minn. 494, it was held, that "A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application to such a case."

This doctrine is sustained by numerous authorities. 7 Enc. Pl. & Pr. p. 366; *Bunch* v. *Grave et al.*, 111 Ind. 351; *Smith* v. *Bricker*, 86 Iowa, 285; *McLaughlin* v. *Austin*, 104 Mich. 489; *Kingsbury* v. *Kettle*, 90 Mich. 476; *Wells, Fargo & Co.* v. *Robison*, 13 Cal. 134; *Elliott* v. *Collins*, 55 Pac. Rep. 301; *McNutt* v. *Hilkins*, 80 Hun. 235.

The act of the defendant in choosing to proceed to trial upon an issue not raised by the pleadings, and in which a recovery was impossible, deserves criticism, yet we cannot see our course sufficiently clear, under the authorities, to deny him a right to be heard upon the issues as framed by the proposed amended pleading upon which he never has had a trial, because he attempted to claim a right or pursue a remedy to which he was not entitled.

The case is remanded with directions to the trial court

to vacate and set aside the judgment, grant a new trial, and allow the amendments to the pleadings as proposed, upon such terms as may be proper.   I concur in reversing and remanding the case and in granting a new trial.

BARTCH, C. J.

### CONCURRING OPINION BY BASKIN, J.

On the first trial of this case the defendant waived his claim for damages for plaintiff's breach of the warranty alleged in the cross-complaint and elected to rely on a rescission of the contract containing the warranty.   This contract is set out in the complaint.   Neither in the answer or cross-complaint, was a rescission of the contract by the defendant alleged, and no issue, between the parties, on that question was made by the pleadings.   Yet the trial proceeded upon the hypothesis that such an issue existed.   The defendant recovered judgment for $1,627.47, the sum with interest paid by the defendant to plaintiff on the contract.   On an appeal from this judgment this court, in 16th Utah, 177, 178, held that the defendant "had no right to rescind the contract," but, "should have been held to rely upon the warranty contained in the contract and confined to a recovery of damages for its breach," and therefore reversed the judgment and remanded the cause with directions to the lower court to grant a new trial.   The original answer and cross-complaint are manifestly imperfect, and to cure their defects, when the case again reached the court below, the defendant asked leave to file amended ones, but the trial court ordered to be stricken therefrom all of the allegations relating to the claim of the defendant for damages on account of the alleged breach by plaintiff of the contract, on the ground that on the former trial the defendant had elected to defend against the contract by way of rescision and that the matter stricken out was in opposition to such election.

By the answer and cross-complaint the defendant sought not only to defend against the enforcement of the contract, but also sought affirmative relief for its alleged breach by the plaintiff.   The filing of a cross-complaint in which affirmative relief is sought is in effect the institution of a suit against the plaintiff in which the defendant, as regards the cause of action set out in the cross-complaint becomes an affirmative actor and after the filing and due service of such a complaint the plaintiff without the consent of the defendant cannot dismiss the action, (Sec. 3181 Revised Stat.) therefore the same rules which govern the election of remedies in original action apply with equal force to the election of remedies in causes of action set out in cross complaints.

Had the defendant, before the institution of the present action, brought suit to recover what he had paid on the contract, based upon a recission of the same by him; and had failed to recover because the facts disclosed at the trial showed that he had no right to rescind the contract, under the authority of the case in (41 Minn. 494,) quoted from by Justice Miner and the numerous other cases cited by him in support of that case, the defendant would not have been barred from instituting another suit to recover damages sustained from a breach of the contract by plaintiff. The rule on this question announced in (41 Minn. 494,) is fully sustained both by reason and the decision of other courts.   I have been unable to discover any decision or authority opposed to it.

Where there exists but one remedy for a wrong an election of remedies is an impossibility.

An estoppel by an election of remedies, from the nature of the case, can only occur where there are two or more inconsistent remedies.

In that case an election to pursue one of them will bar an action on the others, because a suit to enforce either

involves the same facts, and in the trial of the case, the rights of the parties in the whole controversy are adjudicated.

In the case at bar this has not been done.

In the record of the former appeal to this court the following is contained, to wit: "(Counsel for plaintiff moved that defendant be required to elect upon which defense he would rely, either a rescission of the contract and a recovery of the money paid thereon, or recouping in damages for a failure of heater to meet the requirements of guaranty under which it was sold.) Defendant through his counsel elected to rely upon a rescission of the contract and waived all claims for damages." It is evident that both parties believed that the question of recission was in issue and that the defendant elected to rely upon a rescission of the contract and made the waiver under an honest misapprehension that the supposed remedy which he elected to pursue was open to him.

Upon the trial defendant succeeded in obtaining judgment for the amount paid by him on the contract, but as that judgment was reversed by this court he has obtained no satisfaction. If it be so that there has been a breach by plaintiff of his warranty to the damage of the defendant, he has not yet received any compensation therefor from plaintiff. No consideration was given by plaintiff for the waiver by defendant of the only remedy which he was entitled to pursue.

As the case was originally tried on an issue not made by the pleadings, and in which trial the defendant sought to enforce a remedy which he honestly believed he had, but which this court held, on an appeal from the judgment recovered by defendant, that he did not possess and that he "should have been held to rely on the warranty contained in the contract and confined to a recovery of dam-

ages for its breach," when the case was remanded for a new trial and reached the court below, its status there, except as to the question of rescission, was then the same as though no trial had been had and the defendant had a right to have the case again tried on the issue of the alleged breach of warranty. That such was the intention of this court, appears to me to be clear from the judgment, remanding the case for a new trial; viewed in the light of the language before quoted from the opinion of the court rendered on the former appeal.

Defendant's proposed amendments which were refused were proper ones, and the trial court erred in rejecting the same on the grounds hereinbefore stated.

For the reasons which I have stated and those stated in the opinion of Justice Miner, I fully concur in remanding the case, with directions to the trial court to vacate and set aside the judgment and grant a new trial and allow the defendant to make the amendments which were refused.