Harry MORGAN, William G. Gianetto, Milton F. Morgan, Milton A. Oman and Interstate Mining and Exploration Corporation, Plaintiffs,

v.

HIDDEN SPLENDOR MINING COMPANY, a corporation, Defendant.

No. C-56-57.

United States District Court
D. Utah,
Central Division.
Oct. 8, 1957.

Delbert M. Draper, Jr. (of Draper, Sandack, Draper & Oman), Salt Lake City, Utah, for plaintiffs Harry Morgan, William G. Gianetto, Milton F. Morgan and Milton A. Oman.

Leonard J. Lewis (of Van Cott, Bagley, Cornwall & McCarthy), Salt Lake City, Utah, for plaintiff, Interstate Mining & Exploration Corp.

Paul B. Cannon (of Marr, Wilkins & Cannon), Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

Plaintiffs, owners of certain mining claims, alleged in their complaint that pursuant to lease obligations assumed by the defendant as assignee and a "Memorandum of Understanding and Agreement" between the plaintiffs and defendant, the defendant agreed to perform not less than $150,000 of exploration and development work prior to February 1, 1956; that defendant failed to do so and that on February 21, 1957, defendant was served by registered mail with a notice of the breach of said covenant, giving defendant twenty days from the receipt of said notice to cure and correct said breach and default, pursuant to the terms of the lease, and that the defendant failed and refused thereafter to perform the work, and failed and refused to quit the premises covered by the lease and to deliver the possession thereof to the plaintiff, contrary to the agreements between the parties and to the laws of the State of Utah with respect to unlawful detainer. Plaintiffs prayed judgment for the forfeiture of the lease and for the

restitution of the premises; for damages occasioned by defendant's unlawful detainer in the sum of $50,000, trebled; for damages by reason of defendant's failure to perform the work in the sum of $150,000; and for general relief, interest and costs.

It has been made to appear without dispute that the forfeiture provision contained in the lease reads as follows:

"7. It is finally agreed that upon violation by lessee of any of the covenants in the foregoing lease, the term of this lease shall, at the option of the lessors, expire, and the same and said mining claims shall become forfeited to lessors, and lessors, or their agent, may thereupon enter upon said mining claims and dispossess all persons occupying the same, or, at the option of lessors, lessee and all persons found in occupation thereof, may be proceeded against as guilty of unlawful detainer, provided, however, that if said lease is forfeited upon the election of lessors by reason of the failure of lessee to perform the covenants thereof, lessors shall give lessee at least twenty (20) days notice in writing, by registered mail, sent to lessee at his address; notifying him of such failure to perform and setting out in said notice the substantial facts as to any such default or breach, and upon failure or refusal by lessee to cure and correct such default within twenty (20) days from the receipt of such notice, lessee shall surrender and deliver up the possession of all of said mining claims, and his rights under this lease shall thereupon cease and determine."

On defendant's motion to dismiss plaintiffs' action for non-joinder, it was shown that there were parties indispensable for a forfeiture of the lease who had not been joined, and that the joinder of such parties, who were citizens of the same state as the plaintiff, Milton F. Morgan, would destroy the diversity of citizenship requisite to the jurisdiction of this Court. An order of dismissal on that ground, however, was thereafter vacated, and leave was granted to the plaintiffs to withdraw their claim and prayer for forfeiture of the lease and for restitution of the premises, on the theory that the Court had jurisdiction over the claim for damages against the defendant already named. Defendant unsuccessfully contended then, and it strenuously urges now, in support of its pending motion to dismiss the amended complaint that by the "notice of forfeiture", plaintiffs made an irrevocable election between the inconsistent remedies of forfeiture on the one hand and the recovery of damages for failure to do the contracted development work on the other, and that, therefore, it cannot maintain the present action for damages.

That an election to take advantage of one of two alternative and inconsistent remedies may bar reliance upon the other cannot be gainsaid. The authorities cited by defendant are convincing on this general proposition. Some of the cases most strongly relied upon by it are readily distinguishable. Barquin v. Hall Oil Co., 28 Wyo. 164, 201 P. 352, 202 P. 1107 (rescission by mutual consent), and Taylor v. Robertson Petroleum Co., 156 Kan. 822, 137 P.2d 150 (legal action on theory that title was in plaintiff as an election). Fee & Liddon Co. v. Porter, 144 Kan. 108, 58 P.2d 55, is nearly in point, as it involves claimed election by notice. For reasons hereinafter mentioned, it is not believed to represent such an application as would be made of the doctrine of election of remedies by the Utah court, and ignores factors which in reason would dictate a contrary view. The defendant's argument is persuasive in the abstract that if plaintiffs were allowed to recover both the possession of the property through forfeiture and damages for non-performance of the exploration work, they would have their money with which

to do the exploration work, and the possession of the property also; and that the defendant, on the other hand, would have paid for the contracted exploration work and would also have lost the property.

The defendant's contention presents a dilemma at least as perplexing as the one suggested as being inherent in plaintiffs' position. If mere notice of an intention to forfeit the lease irrevocably barred other relief, the defendant may hold the property, at least temporarily, by reason of the absence here of parties essential to permit a determination of the right to its possession. Thereafter, in a court having cognizance of a possessory action it may successfully assert its right to possession because of insufficiency of the evidence to establish forfeiture or because the "notice of forfeiture" may have been equivocal, or by reason of some equity which might impel its non-recognition. Nonetheless, under defendant's theory there would have been worked an absolute election as a matter of law, confirmed by the adjudicated denial of damages by this Court without trial. Thus, the defendant might retain the property and enjoy its fruits without performing the development work it agreed to perform, with the plea of res judicata available to it as protection against a future claim for damages.

The defendant's position as stated in its brief " * * * is simply that plaintiffs cannot forfeit the lease for failure to do $150,000 worth of exploration work and thereafter, and in addition thereto, recover the $150,000." It seems pertinent to examine a little further the assumption that recovery of money damages would be *in addition* to *forfeiture,* particularly in view of defendant's further statement that "defendant has not stated that it would be willing to have plaintiffs repossess the claims nor had defendant yet voluntarily surrendered them."

It is believed that the terms of the forfeiture provisions in the lease and the "notice of forfeiture" themselves hold the answer to the problem. We need not pause to consider distinctions between the doctrines of "election of remedies" in legal proceedings and "choice of substantive rights" in reliance upon contractual provisions, the latter of which seems more relevant here. 18 Am.Jur. 129–131, Election of Remedies, § 6. Nor need we treat as controlling some indications found in the books that the commencement of a legal proceeding is a prerequisite to the application of the former doctrine. Howard v. J. P. Paulson Co., 41 Utah 490, 127 P. 284; Del Vecchio v. Savelli, 10 Cal.App. 79, 101 P. 32.

We will assume that the doctrine of election of remedies may apply to notices or other acts short of the commencement or prosecution of legal proceedings—that such election can be accomplished by legal proceedings *or* by "some other decisive act." Cook v. Covey-Ballard Motor Co., 69 Utah 161, 253 P. 196, 199. Nevertheless, certain limitations to that doctrine must be kept in mind in considering whether the notice relied upon by defendant was actually an "election."

A fruitless attempt to recover on an unavailing remedy does not constitute an election which will deprive one of rights properly recoverable by a different and appropriate remedy; to constitute an election, the remedy at least to some extent must be efficacious. Southern Pac. Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099; Commercial Bank of Spanish Fork v. Spanish Fork South Irr. Co., 107 Utah 279, 153 P.2d 547; Welsh, Driscoll & Buck v. Buck, 64 Utah 579, 232 P. 911; Detroit Heating & Lighting Co. v. Stevens, 20 Utah 241, 58 P. 193; Utah Bond & Share Co. v. Chappel, 68 Utah 530, 251 P. 354.

An act to be effective as an election of remedies must be decisive and unequivocal. Kuhl v. Hayes, 10 Cir., 1954, 212 F.2d 37, Cook v. Covey-Ballard Motor Co., supra. The Utah court has

recognized that there may be circumstances under which even more than the entry of judgment is essential to constitute an election. Johnson v. Durnell, 98 Utah 487, 93 P.2d 914. Especially where the claimed election is not by formal legal proceedings does it seem that absolutism should be avoided in applying the doctrine.

■■ The whole doctrine of election of remedies is equitable and in applying the doctrine the Court should be sensitive to equitable principles. In Minneapolis National Bank of Minneapolis, Kansas v. Liberty Natl. Bank of Kansas City, 10 Cir., 72 F.2d 434, the Court, while holding that there had been an election of remedies by institution of an action in Missouri, followed by settlement and acceptance of the money paid in discharge of a claim, pointed out, nevertheless, that the doctrine of election of remedy is disfavored in equity and should not be unduly extended. Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075, cited in the last mentioned case, is to the same effect. In application of the rule the latter case determined that by disaffirmance of a contract in a suit in equity for fraud, the petitioner did not make such an election as to preclude him by amendment from seeking to affirm the contract and to recover damages. The Supreme Court said (247 U.S. at page 211, 38 S.Ct. at page 451):

"No matter what may be thought of the merit of the doctrine of election of remedies, it is a long observed and deeply entrenched rule of procedure. But, for obvious reasons, it has never been a favorite of equity and it has been specifically decided by this court that the two forms of relief pursued, before and after the amendment of the pleadings in this case, are not so inconsistent but that both may be prayed for in one bill in equity and either granted, as the evidence and the equities of the case may require. Thus, in Hardin v. Boyd, 113 U.S.

756, 5 S.Ct. 771, 28 L.Ed. 1141, in a suit to annul a land contract for fraud the trial court permitted an amendment to the bill, adding a prayer in the alternative for a decree affirming the contract, granting a lien for the unpaid purchase money and for foreclosure. The decree in the case was entered on the alternative prayer."

With these principles in mind, let us look specifically to the contractual provisions under which the notice relied upon by the defendants as an election was given, and to the notice itself.

It is to be observed that, despite general language in paragraph 7 of the lease, its meaning is limited by the following provision which specifies the consequences of giving notice:

"* * * and upon failure or refusal by lessee to cure and correct such default within twenty (20) days from the receipt of such notice, lessee shall surrender and deliver up the possession of all of said mining claims, and his rights under this lease shall thereupon cease and determine."

■ It will be seen that the "forfeiture" provided in the lease is coupled with, and dependent upon, a surrender and delivery up of the possession of all of said mining claims to the lessor. To say that there was an election of remedy by mere notice when the defendant still insists that it has the right to possession and in fact maintains possession as far as the record discloses would be to extend that doctrine and the language of the contract unduly. See Clemenger v. Flesher, Tex.Civ.App., 185 S.W. 304; Rademacher v. Russ, D.C.D.Minn.1955, 131 F.Supp. 50; Habeler v. Rogers, 2 Cir., 1904, 131 F. 43.

More than this, the words of the notice, itself, negate a final election. The least that can be said is that they are ambiguous and equivocal. The notice reads as follows:

"We are counsel for Milton F. Morgan, William G. Gianetto and Harry Morgan.

"This letter shall constitute notice of your breach of the lease dated November 23, 1954, as amended, and the Memorandum of Understanding and Agreement, dated February 2, 1955, between yourself as Lessee and Milton F. Morgan, William G. Gianetto and Harry Morgan, as Lessors, and specifically your failure to enter upon and commence and perform exploration and development work upon the mining claims subject to this Lease, and specifically your failure to perform $150,000 of said exploration and development work by the 1st day of February, 1956.

"Under the terms of said Lease, you are hereby given twenty days from the receipt of this notice to cure and correct said breach and default. Upon your failure to do so, the Lessors will declare the Lease cancelled, forfeited and expired, and bring appropriate action for the unlawful detainer of said premises, together with the Lessors' damages incurred, and any other appropriate remedies available to them."

■ The general principle with respect to notices, as distinguished from legal actions, is indicated in 28 C.J.S. Election of Remedies § 18, pp. 1094–1095, by the following summary statement:

"§ 18.—Notice of Intention to Pursue Particular Remedy. Generally the mere giving of notice of intention to pursue a particular remedy, which is not acted upon by either party, or which does not alter or affect the position of the party receiving it, is not a conclusive election barring the assertion of an inconsistent remedy."

Analyzing the notice here, it will be observed that it called upon the defendant to perform on the theory that there was a subsisting contract, not on the theory that the contract had been, or then was being, forfeited. It was only in the event of continued non-performance that plaintiffs indicated that they would declare the lease forfeited and cancelled. Some future action or declaration of cancellation was contemplated and it does not appear that there was ever any such further action or declaration. It also was indicated that an unlawful detainer action would be brought, but this did not have the same effect as if such action actually had been brought. It was indicated that action would be brought also for damages incurred, and for any other appropriate remedy available. The notice was as much an election to claim damages as to claim forfeiture. The notice in no way altered the position of the defendant or imposed any new obligation upon it. Habeler v. Rogers, supra.

It may be that the defendant can show at the trial that on the strength of the notice it changed its position so that some estoppel could be invoked. No such showing has been made. It would be improper to terminate plaintiffs' action on the mere supposition that it could be.

■ The action itself, as brought by the plaintiffs, did not constitute an election of remedies. The remedy of forfeiture was not available to plaintiff because of the absence of parties indispensable on that theory. See Utah Bond & Share Co. v. Chappel, supra. Moreover, the plaintiffs' complaint originally claimed damages on the present theory, as well as recovery of the property. It, too, was as much an election to claim damages as to assert forfeiture. In this respect it was not then an unequivocal election. The filing of a petition seeking two inconsistent remedies does not constitute an election to pursue either of them. Kuhl v. Hayes, supra; Lester v. Fields, 171 Okl. 442, 43 P.2d 87; Friederichsen v. Renard, supra.

When the alternative remedy sought herein, i. e., recovery of the property, was found to be impossible because of the absence of parties indispensable to the power of the Court to award possession, the plaintiffs amended to limit their claim to money damages. In so

doing, it seems probable that they then made an irrevocable election, but as to this, judgment must be reserved until, if at all, this question is before me.

The doctrine of election of remedies is a salutory one in its place, and although not favored in equity, it has proper application in numerous cases. There is some question that it has relevancy here. Let it be assumed that either that doctrine or that of choice of substantive rights is applicable, and that in general, both preclude reliance upon inconsistent positions. Neither is an absolute doctrine controlling under every circumstance. To grant defendant's motion would be to utilize inappropriately an equitable concept for the promotion of a multiplicity of suits and the encouragement of possible injustice because of language and circumstances not requiring these results. The notice relied upon by defendant was ambiguous and equivocal. For reasons perceivable to equity, plaintiffs should not be deemed to be foreclosed on the showing before the Court from asserting their present claim.

The motion of the defendant to dismiss plaintiffs' amended complaint is denied.