**Lee RATNER, Plaintiff,**

v.

**SCIENTIFIC RESOURCES CORPORATION et al., Defendants.**

**Civ. No. 71-841.**

United States District Court,
S. D. Florida.

Sept. 3, 1971.

Frates, Floyd, Pearson & Stewart, Miami, Fla., for defendants Lehigh Acres, Gould and Land Resources.

William Alvin, Miami, Fla., and Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for defendants Mayerson, Cohen, Wolgin and Scientific Resources.

## ORDER

FULTON, Chief Judge.

This cause came before the Court upon motions to dismiss and for more definite statement filed by defendants Lehigh Acres Development, Inc., Land Resources Corporation, Scientific Resources Corporation, Gerald Gould, Don Mayerson, Jerome Cohen, and J. L. Wolgin. This is an action under the Securities Act of 1933 and the Securities & Exchange Act of 1934, specifically, 15 U.S.C. §§ 77q and 78j; and for violation of § 517.301, Florida Statutes 1969, F. S.A.; and for common law fraud. The Court's jurisdiction is invoked under 15 U.S.C. § 77v.

Plaintiff held a recorded mortgage in the amount of $6,000,000 and was a coholder of an unrecorded mortgage in the amount of $12,500,000 on certain real property assets of Lehigh Acres Development Corporation. Pursuant to an agreement dated July 15, 1968, Lehigh Acres Development, Inc., as assignee of Scientific Resources Corporation, obtained all the assets of Lehigh Acres Development Corporation, as well as all the outstanding stock of numerous other corporations, from Sacred Heart Parish, Inc., in exchange for a small sum of money and a certain number of shares of Scientific Resources Corporation common stock. As part of this agreement, plaintiff alleges that he was induced to cancel his mortgages in exchange for his receiving shares in Scientific Resources Corporation. Plaintiff further alleges that at the time of the execution of the agreement, misrepresentations were made and certain material facts omitted

Lans, Feinberg & Cohen, New York City, and David M. Stolar, Miami Beach, Fla., for plaintiff.

by defendants, and as a result therefrom, plaintiff was damaged.

■ Defendants argue that even though this Court may have jurisdiction over the plaintiff's claim arising under 15 U.S.C. §§ 77q and 78j, it does not have pendent jurisdiction over the claims arising under § 517.301, Florida Statutes, F.S.A., and for common law fraud. The majority of the cases considering this point have decided otherwise, Jung v. K & D Mining Co., 260 F. 2d 607 (7th Cir. 1958); Errion v. Connell, 236 F.2d 447 (9th Cir. 1956); Greater Iowa Corp. v. McLendon, 378 F. 2d 783 (8th Cir. 1967). Service of process for claims under the Securities Act of 1933 and the Securities and Exchange Act of 1934 may be made in any district of which the defendant is an inhabitant or wherever the defendant may be found, 15 U.S.C. § 77v(a). The issue has been raised whether this provision permits out of state service of process for the pendent claims as well. Although the Courts addressing themselves to this problem are in conflict, the majority seem to think not, Parker v. Baltimore Paint & Chemical Corp., 244 F. Supp. 267 (D.Colo.1965); Huber v. Bissel, 39 F.R.D. 346 (D.C.Pa.1965); Amdur v. Lizars, 39 F.R.D. 29 (D.Md.1965). This Court is in agreement with the above-cited cases. Unless the plaintiff is able, by some other means, to vest the Court with in personam jurisdiction over the claims under § 517.301, Florida Statutes, F.S.A., and common law fraud, such jurisdiction is lacking.

■ Defendant Land Resources Corporation also challenges this Court's jurisdiction over its person. Service was achieved on its vice president, but defendant Land Resources alleges that it is a foreign corporation, not qualified to do business in this State and had no "minimal contacts" with this State, and therefore is not to be "found" in Florida for purposes of service on 15 U.S.C. § 77v(a). It appears, however, that the defendant is still subject to service of process under 15 U.S.C. § 77v(a), but that such service will have to be obtained elsewhere than the State of Florida.

■ The defendants challenge the plaintiff's right to sue both for rescission of the agreement and for damages, maintaining that he must elect one remedy or the other. If an aggrieved party chooses and carries into effect an appropriate remedy with full knowledge of the facts and of his rights, he will not, in general, be allowed to resort afterward to an inconsistent remedy, which would involve a contradiction of the grounds on which he proceeded before, Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805 (1944). But there is no indication that the plaintiff has taken steps to choose one remedy rather than another. A party may state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds, Rule 8(e) (2), Federal Rules Civil Procedure.

■ Defendants claim that plaintiff cannot sue for rescission of the agreement, since he cannot return all parties to the status quo insofar as Sacred Heart Parish, Inc., which was the co-holder of the unrecorded mortgage is not joined as a party. At this point in the litigation, it is not possible to determine whether or not the mortgages can be re-established only to the extent of plaintiff's interest. The thrust of the defendants' claim is that Sacred Heart Parish, Inc., both as a party to this agreement and as co-holder of the unrecorded mortgage is indispensable to this litigation. Rule 19, Federal Rules Civil Procedure provides that a party be joined if

"(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the

action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Defendants have alleged no facts to indicate that the above requirements for compelling joinder have been met.

■ Defendants state that plaintiff failed to show damage, and that he failed to allege reliance on a material representation. However, in paragraph 18 of the complaint, the plaintiff alleges that the value of his shares of stock has been diluted, and that he relied upon unaudited financial statements which misrepresented certain material facts. The complaint also alleges that the misrepresentations made were "by use of means and instrumentalities of interstate commerce and mails." More than this need not be alleged in the complaint to vest jurisdiction to hear the action under 15 U.S.C. §§ 77q, 78j.

■ Defendant Land Resources Corporation was not yet in existence at the time the agreement between the parties was executed, and claims, therefore, that it could not have made misrepresentations to plaintiff. But 15 U.S.C. § 78j includes co-conspirators, and one who knowingly joins a conspiracy takes it as he finds it, Myzel v. Fields, 386 F.2d 718 (8th Cir. 1967), cert. denied, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143. The case of Simmons v. Wolfson, 428 F. 2d 455 (6th Cir. 1970), cited by defendant Land Resources Corporation, was an action for breach of fiduciary duties of a corporation's officers and directors which occurred after the plaintiff acquired the corporation's stock, and was not an action for misrepresentation.

■ The defendants also claim that the complaint fails to state a claim upon which relief may be granted, and that the averments of fraud and misrepresentation were not pleaded with particularity. Paragraphs 16(a)–(g) and 17 set forth the specific misrepresentations alleged to have been made by defendants. All the plaintiff need do is to set out a short and plain statement of the claim showing that he is entitled to relief, Rule 8(a), Federal Rules Civil Procedure; it appears as if the plaintiff has met this test. It is thereupon

Ordered and Adjudged as follows:

1. The counts for common law fraud and violation of § 517.301, Florida Statutes, F.S.A., are dismissed without prejudice as to defendants Don A. Mayerson, Jerome J. Cohen and J. L. Wolgin, as this Court lacks jurisdiction over their persons.

2. Service of process as to Land Development Corporation by means of its vice president is hereby quashed.

3. Defendants' motions for more definite statement are hereby denied.

4. Defendants' motions to dismiss for lack of jurisdiction over the subject matter, failure to join an indispensable party, and failure to state a claim upon which relief can be granted are hereby denied.

5. Defendants shall have twenty (20) days to answer the complaint.