**598**

Humberto BETANCOURT, Plaintiff,

v.

Saul WILSON and Caribbean
Resorts, Defendants.

Civ. No. 74–648.

United States District Court,
D. Puerto Rico.

Sept. 4, 1975.

Philip E. Roberts, Baker & Woods,
Santurce, P. R., for plaintiff.

Antonio González Géigel, Santurce, P.
R., for defendants.

## ORDER

TORRUELLA, District Judge.

This matter is before us on a Motion
for Summary Judgment filed by Plaintiff Betancourt on May 20, 1975. Betancourt alleges that the doctrine of
election of remedies bars Defendant Wilson's counterclaim in the instant case.[1]

---

1. Plaintiff Betancourt also alleges that the doctrines of res-judicata, collateral estoppel and waiver apply. Since our analysis of the doctrine of election of remedies is dispositive of this case, we will not discuss the applicability of said doctrines.

On October 22, 1969 the present Defendant Wilson filed another suit in this Court against the Plaintiff herein. See Civil File Number 69–722. In that case the present Defendant alleged that pursuant to an oral agreement the present Plaintiff agreed to purchase Wilson's participation in a corporation to be formed to operate a casino to be located at Curacao, for the amount of $283,000.[2] It was claimed in said suit that the present Plaintiff still owed a balance of $93,000.

The present action was filed by Betancourt on June 10, 1974 alleging in essence that Wilson misappropriated the amount of $197,000 while participating in the above mentioned business relationship.

On February 13, 1975 a verdict was entered against the present Defendant in Civil Number 722–69.

On February 18, 1975 Plaintiff Betancourt filed a motion in this case for voluntary dismissal. Said motion was denied by the Court on March 18, 1975. On March 18, 1975 Defendant Wilson filed a counterclaim. In essence, Defendant Wilson is alleging that Plaintiff Betancourt is responsible as copromoter of the above Curacao Corporation, for the monies [3] Wilson had returned to certain investors, the names of which were allegedly known only to him.[4]

It is Betancourt's contention that a factual inconsistency exists between Wilson's position in Civil Number 69–722, wherein he alleged that he had contributed the amount of $283,000 to operate the above mentioned casino and his allegation in the instant counterclaim wherein he alleges that said amount of $283,000 belonged to investors that were known only to him.

The doctrine of election of remedies refers to ". . . situations where an individual pursues remedies that are legally or factually inconsistent, . ." See, *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Such remedies are found to be inconsistent when a certain set of facts relied on by a party as the basis of a certain remedy is inconsistent or repugnant to another set of facts relied on by the party as the basis for another remedy. See, 25 Am.Jur.2d Sec. 11, Page 653. Thus, one cannot pursue a second remedy after seeking, unsuccessfully a first remedy if the claim is based upon inconsistent facts which would involve the contradiction of the grounds on which the party proceeded before. See *Newman v. Avco Corp.—Aerospace St. Div. Nashville, Tenn.*, 451 F.2d 743 (CA 6, 1971); *Ratner v. Scientific Resources Corp.*, 53 F.R.D. 325 (D.C.Fla.1971), appeal dismissed, 462 F.2d 616. Such an election will bar the party's right to invoke the other remedy. *Abdallah v. Abdallah*, 359 F.2d 170 (CA 3, 1966).

The doctrine entails the prevention of double redress for a single wrong and requires the party making the election to be cognizant of his legal rights thus, enabling him to make an intelligent choice. See *Twin City Federal Sav. & L. Ass'n Transamerican Insurance Co.*, 491 F.2d 1122 (CA 8, 1974). *Johnson Services Co. v. Transamerican Insurance Co.*, 349 F.Supp. 1220 (S.D.Tex.1972), affirmed 485 F.2d 164; *Russell v. Sarkeys*, 286 F.2d 736 (CA 5, 1961). It applies only against the same party, not against different persons with distinct causes of action arising out of independent transactions. See *Crawford v. General Contract Corporation*, 174 F.Supp. 283 (W.D. Ark.1959).

---

**2.** This corporation was never formed.

**3.** Wilson's new recovery theory seems to be based upon the allegation that the $283,000 he invested belonged to other investors, which were known only to him, and that after returning said amount to the investors, Betancourt, as a copromoter, was responsible to him for part of said returned amount.

**4.** It should be noted that Defendant Wilson tried to raise this same theory in Civil Number 722–69. However, since it had not been originally pleaded in the complaint, the Court ruled against its admission for being in substantial variation from the pleadings. It further appears that Wilson is appealing from this ruling.

■ The doctrine will apply to acts which are decisive and unequivocal, such as the institution of a legal proceeding. *Estate Counseling Service v. Merrill Lynch, Pierce, etc.*, 303 F.2d 527 (CA 10, 1952) and where the party has only one right to be infringed or one wrong to be redressed. See, *Falls Sand and Gravel Co. v. Western Concrete, Inc.*, 270 F.Supp. 495 (D.Mont.1967).

■ In applying the doctrine, the Court must be sensitive of the equity principles involved in the case. See, *Morgan v. Hidden Splendor Mining Company*, 155 F.Supp. 257 (D.C.Utah, 1957); *Estate Counseling Service v. Merrill Lynch, Pierce, etc.*, supra.

■ After a careful examination of the counterclaim in this case, of the complaint in Civil Number 69–722 and after balancing the equities involved herein, this Court must conclude that Wilson's counterclaim is barred by the doctrine of election of remedies.

Initially, it appears that we are dealing with the same parties, Wilson and Betancourt, and with causes of action arising out of the same transaction. In both cases, but under different theories, Wilson is trying to recover the monies that he allegedly invested in the above mentioned corporation. Thus, Wilson is trying to redress the same right in separate cases. It further appears that in filing Civil Number 722–69, Wilson elected said remedy while being cognizant of his rights, in a decisive and unequivocal manner. Wilson is basing the instant counterclaim in a factual setting which clearly contradicts the facts he relief upon as the basis for his cause of action in Civil Number 69–722. In Civil Number 69–722 Wilson alleged that he had contributed the amount of $283,000, that he had received $190,000 from Betancourt, but that the latter owed him $93,-000.

In the instant counterclaim, Wilson alleges that the $283,000 belonged to certain investors and that he had returned said amount to them when the corporation was not formed. He then claims that Betancourt was responsible for the collection of $90,000 in account receivables and that the latter, as a copromoter of said corporation was responsible for part of the monies Wilson had to return to the investors. These facts are clearly in contradiction with its original allegation that he had contributed the money and that upon an alleged oral agreement Betancourt had to buy his full participation in the venture.

It would be highly inequitable to allow Wilson a second chance to redress a right against Betancourt, which was previously adjudicated in Civil Number 69–722, by factually changing the relationship between the parties. To hold otherwise would be tantamount to allowing Wilson to conduct a running legal battle against Betancourt based on the same alleged right.

Based on the foregoing Plaintiff's Motion for Summary Judgment is hereby granted and Defendant's counterclaim is hereby dismissed.

Upon reconsideration of this matter, the Order of March 17, 1975 is vacated and Plaintiff's Motion for Voluntary Dismissal dated February 17, 1975 is granted with prejudice and without costs or attorneys fees.

Judgment shall be entered accordingly.
IT IS SO ORDERED.